## NEW ENGLAND S. S. CO. v. HOWARD.
### Nos. 329, 330.

Circuit Court of Appeals, Second Circuit.

July 6, 1942.

Edmund F. Lamb and Purdy & Lamb, all of New York City, for Thomas J. Howard.

Anthony V. Lynch and Pyne & Lynch, all of New York City, for Port Jefferson Transp. Co.

Thomas H. Middleton and Hill, Rivkins & Middleton, all of New York City, for New England S. S. Co.

Before L. HAND, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

PER CURIAM.

■ This appeal involves in the first instance only two questions: whether the "Howard" was staunch and seaworthy as to her hatch covers; and whether the tug should have turned in to Sakonnet instead of pressing on towards Penikese Island. As to these issues we can add nothing to Judge Clancy's careful discussion, which we accept as our own. The Commerce, D.C., 46 F.Supp. 360, 1941 Am.M.C. 1388. We also think that Howard's liability and the loss of his privilege of limitation follow from the decision of these issues against him. It is true that the judge did not find whether it was the collapse of the hatch covers, or the opening of the barge's seams, or both, that caused her to founder; but if Howard's warranty of seaworthiness was absolute, it made no difference which of these was the cause, for the barge was in fact as unseaworthy as to her seams—if they in fact did open which nobody knows—as she was as to her hatch covers; neither should have failed in such moderate weather as she met. A majority of the court—still following Judge Clancy—believe that the charter under which the voyage was made was so definitive a reduction of the contract to writing that we should not consider the talk nine years earlier in which, according to Howard's uncontradicted testimony, the parties had agreed that the printed blank charter was incorporated into all later transactions. If so, it is not necessary to go any further, for the warranty was a personal undertaking and its breach created a liability which Howard could not limit. Pendleton v. Benner Line, 246 U.S. 353, 38 S.Ct. 330, 62 L.Ed. 770; Luckenbach v. W. J. McCahan Sugar Refining Co., 248 U.S. 139, 39 S.Ct. 53, 63 L.Ed. 170, 1 A.L.R. 1522.

■ However, even were we to assume that Howard's obligation was no more than to exercise "due diligence to make the vessel tight, staunch, strong and seaworthy," he was liable at least for any damage caused by the collapse of the hatch covers, for there was no evidence that he had paid any attention to these for a long time before the barge broke ground. It might perhaps be argued that it then became necessary to decide whether he had used "due diligence" to pack the seams, on the theory that if he had, he was not liable unless the loss resulted from the hatch covers alone, which the judge did not find, as we have said. We do not think, however, that the shipper's burden extended so far. Howard had stipulated for a release from the usual warranty of seaworthiness and the burden was upon him to prove that he had fulfilled the condition on which that release depended. It is true that the shipper must in general prove that the loss

results from the breach of warranty of seaworthiness (The Malcolm Baxter, Jr., 277 U.S. 323, 48 S.Ct. 516, 72 L.Ed. 901), but here it did so result from whatever cause the barge foundered. The shipper thus made its proof and it then rested with Howard to prove his release, which he did not do merely by showing "due diligence" as to one of the two parts of the barge which failed. He should have gone further and shown that the loss was not occasioned by the failure of that part as to which he had not succeeded in releasing himself. We have found no authority exactly in point but the result seems to us to be a reasonable gloss upon the doctrine that in general the burden is upon the owner to prove the release.

Decree affirmed.