Christopher **MURRAY**, Plaintiff,

v.

**NEW YORK CENTRAL RAILROAD COMPANY**, Defendant.

United States District Court
S. D. New York.
March 5, 1959.

No. 13,720, relied on by the court in Carbone, the whale had already been caught.

Baker, Garber & Chazen, Hoboken, N. J., for plaintiff.

Gerald E. Dwyer, New York City, for defendant (C. Austin White, New York City, John H. McDonald, Scarsdale, N. Y., of counsel).

THOMAS F. MURPHY, District Judge.

This action under the Jones Act, 46 U.S.C.A. § 688, was tried to a jury which returned a verdict of $75,000. By agreement of counsel plaintiff's claim for maintenance and cure was reserved to the court, and the court also reserved decision on defendant's motion for limitation of liability, 46 U.S.C.A. § 183 et. seq., pleaded in its answer as a partial defense.

The first problem presented by the defense of limitation is occasioned by the time element involved and by the fact that there was only one claim and only one person injured.

It was stipulated by the parties that the attorney for plaintiff sent a letter to defendant on August 8, 1956, advising it of the pendency of this employee's claim for damages by reason of injuries he sustained when he was thrown from one of defendant's barges into the Hudson River as a result of the negligent

operation of one of defendant's tugs while it was shifting the barge from one pier to another at Weehawken, New Jersey. The complaint under the Jones Act based on such claim was filed in this court on February 5, 1957, which was just three days short of six months from the date when the claim letter was sent. The summons and complaint were served on defendant on February 6, 1957, and 20 days thereafter, to wit, February 26, 1957, defendant served its answer setting forth as a partial defense the statutory right of limitation of liability. At no time has it filed a petition to limit liability.

■ Under these facts the question posed is whether such defense is available when admittedly it was not interposed until six months and 18 days after it received notice of plaintiff's claim. We hold that it was timely filed.

We are not concerned with the decisions construing § 185 of Title 46 U.S. C.A. which hold that the six months period fixed by Congress for the filing of petitions is to be strictly construed. We are in accord with the holding of the Third Circuit in The Chickie, 141 F.2d 180, viz., that Congress did not intend by its 1936 amendment fixing the six months time limitation for the filing of petitions, to graft such limitation on the right of a shipowner to plead the defense in an action. We are fortified in this by the recent decision of our own circuit. Deep Sea Tankers v. The Long Branch, 2 Cir., 258 F.2d 757, 772.

It requires no authority to say that shipowners have always had the right to plead this defense, and under the circumstances of this case it was the only practical thing for defendant to do. There was only one claim and the six months was almost up when it was served with an action at law, and within the 20 days provided by the rules served its answer containing the questioned defense. Had it filed its petition in the three days remaining of the six months it would have been a hollow act since it could not enjoin the prosecution of the complaint and it legally put in issue such defense within the compass of one proceeding. If discretion is called into play in the decision on this motion we feel that our discretion should be exercised in favor of sustaining the timeliness of the defense since there is no laches, abuse or in fact anything that would be considered inimical toward plaintiff's claim.

■■ The right to limit liability is, of course, dependent on a showing that the loss sustained was without the privity or knowledge of the owner. There was abundant testimony in this case that the responsible officers of defendant knew and over a period of many years had condoned the practice of shifting barges by means of an operation called "off the corner." As a matter of fact all of the testimony, including that of plaintiff and his expert and the other tug captain and mates, was to the effect that such a maneuver was one customarily and habitually used by all masters on all tugs of defendant. It was not disputed either that Captain Ford, the master of the tug in question, was competent with 40 years experience. Plaintiff contends nonetheless that this known practice prevents defendant from securing the benefit of the limitation of liability prescribed by Congress. It is argued by plaintiff that since this maneuver had certain known hazards, including the danger of causing the tug and barge to collide with force, its use and the sanctioning thereof was negligence in itself and in this instance the proximate cause of plaintiff's injury. We feel, however, that plaintiff misconstrues the issue of privity and knowledge. At any rate we disagree with his theory. The accident which caused plaintiff to be thrown into the water and injured was not the "off the corner" movement but rather the negligent manner in which it was performed and which caused the tug and the barge to come together too violently. In short the proximate cause of the accident was not the customary maneuver but the negligent manner in which the two vessels came together and this was

nothing more than a mistake in navigational judgment on the part of the captain and for which the owners cannot be held to have knowledge or privity.

Accordingly, we find that the defense of limitation was established and is a partial defense.

Insofar as plaintiff's claim for maintenance and cure is concerned, this bristles with problems also. It was conceded that plaintiff was a seaman although he worked daily as a floatman for defendant on its barges and tugs and slept at home. Cf. dissenting opinion of Judge Lumbard in Weiss v. Central Railroad Company of New Jersey, 2 Cir., 1956, 235 F.2d 309. It was also undisputed that from the date of plaintiff's injury on April 26, 1955 to October, 1956, he was unable to return to his employment because of his injury. It is a fact that for 5½ months from April 26, 1955, he was confined to a hospital where his doctors' bills and hospital care and treatment were paid for by defendant. It was stipulated that there was a collective bargaining agreement between plaintiff's union and defendant to the effect that maintenance and cure was at the agreed rate of $8 a day.

■ Under these facts two questions are posed: (1) How much maintenance and cure is plaintiff entitled to, and (2) Whatever the amount, whether such amount is covered by or excluded from the defense of limitation of liability. First, as to amount. The period of time that plaintiff would ordinarily be entitled to maintenance and cure extends from April 26, 1955 to October, 1956—two days over 17 months—since that was the time between the accident and his return to work on the advice and consent of defendant's doctor. However, he was treated and cared for at no expense to himself for a period of 5½ months while he was in the hospital. He is not entitled to maintenance and cure for that 5½ months period since that would be clearly double compensation. See Rear-

don v. California Tanker Co., 2 Cir., 1958, 260 F.2d 369, 376, 377.

Accordingly, we find that plaintiff is entitled to maintenance and cure for 11½ months at $8 a day for a total of $2,800. Whether this amount should be merged like his verdict in the limitation proceeding or excluded is the next question.

■ Although our attention has been called to no case and we have been unable to discover any, it would appear that reason dictates that an award for maintenance and cure does not come within the limitation proceeding and should be excluded therefrom. We have been told many times that a seaman's right to maintenance and cure arises from his employment contract and is separate from and independent of other rights as a seaman. We hold that whether or not the collective bargaining agreement contained an express obligation by defendant to be liable for maintenance and cure or whether it went no further than to set the rate therefor at $8 a day, nevertheless the claim, being an incident of the employment relation, is sufficiently contractual [1] to put it in the contract category and thus place it outside the compass of limitation. That a shipowner is liable, despite the limitation sections, for his own fault, neglect and contracts is settled law. Richardson v. Harmon, 222 U.S. 96, 106, 32 S.Ct. 27, 56 L.Ed. 110.

Accordingly, plaintiff is awarded the sum of $2,800 for maintenance and cure on which he is entitled to judgment and execution. Since there is no just reason for delay the clerk is hereby directed to enter judgment on this claim in favor of plaintiff for $2,800.

Defendant's motion for limitation is granted, and as to the amount of its liability that determination must await the outcome of such further proceedings as the rules and practice of the court require.

Judgment accordingly.

1. See Wilson v. United States, 2 Cir., 1956, 229 F.2d 277, 281.