### WARNKEN et al. v. MOODY et al.

Circuit Court of Appeals, Fifth Circuit.
December 3, 1927.

No. 5162.

1. Negligence ⬀25—Guest on motorboat, who assisted engineer at his request in conveying gasoline to carbureters, held not liable for resulting fire.

A guest on a motorboat *held* not chargeable with negligence for helping the master, who was a licensed marine engineer, at his request, in supplying the carbureters with gasoline by means of a funnel and rubber tube, the pumps having failed to work, with the result that the gasoline became ignited in the tube and the fire spread to other parts of the vessel.

2. Negligence ⬀14—One without knowledge of danger involved, who helps at instance of another, who does know, is not chargeable with negligence.

One who, without knowledge of the danger involved, at the instance of another, who reasonably may be supposed to have superior knowledge and adequate skill and prudence, helps the latter to accomplish a desired result, is not chargeable with negligence for so doing.

3. Death ⬀14(1)—Owner of motorboat held liable for death proximately caused by negligence of his engineer in charge (Rev. St. Tex. 1925, art. 4671 et seq.).

Under the wrongful death statute of Texas (Rev. St. Tex. 1925, art. 4671 et seq.), giving right of action for death caused by negligence of another, his agent or servant, owner of a motorboat *held* liable for a death proximately caused by negligence of his engineer in charge.

4. Shipping ⬀208—Boat owner held entitled to limitation of liability for death from engineer's negligence in owner's absence (46 USCA § 183 et seq.).

Owner of motorboat, liable for death caused by negligence of engineer in his absence, *held* entitled to limitation of liability under 46 USCA § 183 et seq. (Comp. St. § 8021 et seq.).

Appeal from the District Court of the United States for the Southern District of Texas; W. Lee Estes, Judge.

Suit in admiralty by Louise Walton Warnken and others against W. L. Moody, Jr., and others. From the decree, libelants appeal. Affirmed.

J. Newton Rayzor, of Houston, Tex., for appellants.

Frank S. Anderson, of Galveston, Tex., for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This was an admiralty libel, filed by the appellants, the widow, the minor daughter, and the father of Edwin Warnken, deceased, against the appellees, W. L. Moody, Jr., and his son, Shearn Moody, to recover damages for the death of the deceased, which occurred on January 29, 1926, in consequence of the exposure and cold resulting from the deceased jumping overboard into Galveston Bay from the gasoline launch Anico, when there was a fire on that vessel. The libel, as it was amended, contained allegations to the effect that appellees were negligent in inviting appellee to go upon said vessel when they knew or should have known that it was unseaworthy; that W. L. Moody, Jr., was negligent in permitting the vessel to be used and operated when it was in a dangerous and unseaworthy condition; that negligence of Shearn Moody contributed to causing the starting of the fire; and that Charles Anderson, who was alleged to be the agent and servant of the appellees, was negligent in attempting to start and operate the launch's engine by pouring gasoline into its carbureter.

The separate answers of the appellees to the libel put in issue its material allegations, and set up that the deceased was guilty of contributory negligence in failing to object to the method adopted to start the launch's engine after it had ceased to operate, and that W. L. Moody, Jr., was the sole owner of the launch; and the answer of W. L. Moody, Jr., set up the claim that, if he was liable, he was entitled to a limitation of his liability. The decree adjudged that libelants were not entitled to recover against Shearn Moody, that they were entitled to recover against W. L. Moody, Jr., and that W. L. Moody, Jr., was entitled to a limitation of his liability to the value of the vessel at the end of the voyage. The appellants contend that the decree was erroneous in adjudging that Shearn Moody was not liable, and that W. L. Moody,

Jr., was entitled to a limitation of his liability. In behalf of W. L. Moody, Jr., it was contended that the decree was erroneous, in adjudging that he was liable. Most of the evidence adduced in the trial was testimony of witnesses given in the presence of the trial judge.

[1] W. L. Moody, Jr., was the sole owner of the Anico, a gasoline launch, 30 feet in length, 9-foot beam, which he bought in the fall of 1925, from a gasoline launch builder of recognized standing and reputation, for use of himself, his family, and friends in hunting and fishing. He employed as captain of the Anico Charles Anderson, a licensed marine engineer, operator and navigator of vessels propelled by gasoline, who had been employed by W. L. Moody, Jr., for many years in similar service, and instructed him to take at any time any member of his (W. L. Moody, Jr.'s) family desiring to take a trip on the Anico. W. L. Moody, Jr., paid Anderson for his services as master of the vessel, and paid for the supplies of the vessel.

On January 29, 1926, on the invitation of Shearn Moody, the deceased and five other men went with Shearn Moody on the Anico, on a duck-hunting trip to Lake Surprise. W. L. Moody, Jr., was not in Galveston on that day, and did not until afterwards know of that trip. Shearn Moody was then 31 years old, unmarried, and a member of his father's household. Anderson, the master, was in charge of the vessel on that trip. Shearn Moody gave him no direction as to the navigation or operation of the vessel, except to tell him to go to Lake Surprise. When the vessel had been running without any trouble about 50 minutes, and was about a mile and a half from Lake Surprise, the engine stopped. Thereupon Anderson, the master, examined the engine to find out the cause of its stopping, and concluded that the trouble was that the auto impulse pumps, by means of which gasoline was carried from the tanks to the carbureters, had ceased to work, and that he was unable to get those pumps to work. Anderson then connected a piece of rubber tubing to the feed pipe connecting the carbureters, and, after disconnecting the impulse pumps and getting a funnel for the other end of the rubber tubing, and cautioning those present about smoking or lighting matches, drew a bucket of gasoline, and asked Shearn Moody to pour gasoline into the funnel, from which the gasoline was to go by gravity through the rubber tubing and feed pipe to the carbureters. Shearn Moody complied with that request or direction, using a small can in getting gasoline from the

bucket, which was placed away from the engine. When gasoline was supplied to the carbureter in that way, Anderson put on the self-starter and the engine started.

After the vessel had gone from a quarter to half a mile a fire started, a backfire from the engine igniting the gasoline in the tubing and funnel, and the fire spreading to other parts of the vessel. The fire caused those on board to jump off into the water. Some of them got back on the boat and put out the fire. The deceased was unable to get back on the Anico, and was in the water a considerable time, and died while on the way to Galveston on another vessel. Shearn Moody was an ensign in the navy during the war. He commanded three gasoline submarine chasers. He had to take the government examination on navigation. He had nothing to do with the engines. He testified to the effect that he knew nothing about gasoline engines. The deceased was present and observing what was done by the master, Anderson, and Shearn Moody, from the time the Anico's engine stopped until the fire started, and did not protest or object to anything that was done. He had such knowledge of the danger involved in handling gasoline as is ordinarily possessed by one who owns and operates an automobile. The testimony indicated that those aboard, other than Anderson, the master, did not realize the danger of supplying gasoline to the carbureters in the manner above indicated, though they were aware of the danger of fire being near gasoline in an open container. There was expert testimony to the effect that what was done in that regard was highly dangerous.

The claim asserted was based on the Texas statute giving a right of action for the death of a person caused by the wrongful act, negligence, or default of another, his agent, or servant. Revised Civil Statutes of Texas 1925, art. 4671 et seq. Contributory negligence of the deceased is a complete defense to such an action. Truelson v. Whitney & Bodden Shipping Co. (C. C.) 10 F.(2d) 412. Shearn Moody was not the owner or operator of the Anico, and Anderson, its master, was not his employee or agent, or subject to his orders in the matter of the operation of the vessel. The control and operation of the vessel remained with its owner, W. L. Moody, Jr., and the latter's employee, the master, and, both Shearn Moody and the decedent being in the position of gratuitous invitees or licensees on the vessel, Shearn Moody was not liable for the death of the deceased, unless negligence of Shearn Moody was a proximate cause thereof. New Orleans-Belize S. S. Co.

v. United States, 239 U. S. 202, 36 S. Ct. 76, 60 L. Ed. 227; Little v. Hackett, 116 U. S. 366, 6 S. Ct. 391, 29 L. Ed. 652; Beard v. Klusmeier, 158 Ky. 153, 164 S. W. 319, 50 L. R. A. (N. S.) 1100, Ann. Cas. 1915D, 342.

[2] It appears from the record that evidence adduced fully warranted the conclusions that the sole proximate cause of the lamentable disaster of which the death of the deceased was an incident was the attempt to supply gasoline to the carbureters in the way above indicated; that Anderson, the master, was solely responsible for the making of that attempt; and that neither Shearn Moody, nor the deceased, nor any guest who observed what was done, had knowledge of or realized the danger involved in the method adopted to accomplish the desired result. One who, without knowledge of the danger involved, at the instance of another, who reasonably may be supposed to have superior knowledge and adequate skill and prudence, helps the latter to accomplish a desired result, is not chargeable with negligence for so doing. Commonwealth v. Pierce, 138 Mass. 165, 52 Am. Rep. 264; 20 R. C. L. 10, 11. We are of opinion that the evidence was not such as to require the conclusion that Shearn Moody was guilty of any negligence or breach of duty which was a proximate contributing cause of the death of the deceased, and that the court did not err in adjudging that he was not liable.

[3] There was ample evidence to support the conclusion that one having such knowledge of gasoline engines and experience and skill in operating them as Anderson, the master, had, was aware of the danger involved in attempting to supply gasoline to the carbureters in the way indicated, that he was chargeable with negligence in so doing, and that such negligence was the proximate cause of deceased's death. Under the statute, W. L. Moody, Jr., the owner of the Anico, is chargeable for such negligence of his employee in the operation of the vessel. It follows that the court did not err in adjudging that W. L. Moody, Jr., was liable.

[4] As above indicated, the ground on which, under the above-cited Texas statute, W. L. Moody, Jr., was liable, was that the negligence of his employee proximately caused the death complained of. It is plain that W. L. Moody, Jr., did not personally participate in that negligent conduct of his employee, and had no knowledge or information thereof until after the deceased's death. It follows that the negligence or misconduct of the employee, Anderson, was "without the privity or knowledge" of the owner, W. L. Moody, Jr., within the meaning of the statute providing for the limitation of the liability of owners of vessels. Comp. St. § 8021 et seq. (46 USCA § 183 et seq.). That statute permits a vessel owner's liability to be limited where that liability results exclusively from the fault or negligence of his employee in the operation of the vessel being imputed to the employer, that fault or negligence having occurred without the privity or knowledge of the vessel owner. La Bourgogne, 210 U. S. 95, 28 S. Ct. 664, 52 L. Ed. 973; Craig v. Continental Ins. Co., 141 U. S. 638, 12 S. Ct. 97, 35 L. Ed. 886; The Tommy (C. C. A.) 151 F. 570; Kitsap County Transp. Co. v. Harvey (C. C. A.) 15 F.(2d) 166, 48 A. L. R. 1420. The court did not err in holding that W. L. Moody, Jr., was entitled to a limitation of his liability. The decree is affirmed.