In re NEW YORK DOCK CO.

In re CONVERSE.

Nos. 27, 28.

Circuit Court of Appeals, Second Circuit.

Nov. 7, 1932.

Arthur Butler Graham, of New York City (Ralph A. Gilchrist, of New York City, of counsel), for New York Dock Co.

Harry S. Austin, of New York City, for claimant-appellant.

Alexander, Ash & Jones, of New York City (Lawson R. Jones and Edward Ash, both of New York City, of counsel), for petitioner charterer cross-appellant Converse.

Before. MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above).

■ Whatever the legal obligations of the New York Dock Company, under the charter or otherwise, may be to Converse, this claimant must look for indemnity solely to his employer, Converse, who had the entire control of the pile driver. Its faulty condition was not due to any hidden defect. Converse chartered the pile driver in its then present condition, after Heyer, his superintendent, had looked it over and decided that it was suitable for the intended job. Converse was to, and did, rig it for use. No one understood that it was ready for use when chartered. Consequently the New York Dock Company was not bound to furnish a seaworthy pile driver then safe for the employees of Converse to use in driving piles. Regardless of whether we might be disposed to adopt the doctrine of liability at large for latent defects which make things dangerous instrumentalities which one supplies to be used without test or change as developed through Devlin v. Smith, 89 N. Y. 470, 42 Am. Rep. 311, Statler v. George A. Ray Mfg. Co., 195 N. Y. 478, 88 N. E. 1063, MacPherson v. Buick Motor Co., 217 N. Y. 382, 111 N. E. 1050, Ann. Cas. 1916C, 440, L. R. A. 1916F, 696, and Smith v. Peerless Glass Co., 259 N. Y. 292, 181 N. E. 576, from the old falsely labeled poison case of Thomas 'v. Winchester, 6 N. Y. 397, 57 Am. Dec. 455, it should be plain that no such liability can rest upon the owner of a pile driver for defects which proper inspection would disclose when the charterer is to inspect and rig it for use. And so the decree below exonerating the New York Dock Company was right, since there were no hidden defects, and the pile driver was to be made ready for use by the charterer; not because the dock company's negligence as to the claimant was remote, but because it was not negligent at all; not because the pile driver was seaworthy, but because it was in the condition Heyer upon adequate inspection would have known it to be.

The negligence of the Converse Company rests on inadequate inspection and conditioning at the start and inadequate inspection and repair while the work was being done. The only reasonable explanation of how and why this wedge dropped is that it worked loose during the nine days because of the vibration in the tower from the hammer blows on the piles.

■ The suggestion that the men who inspected it for Converse may have assumed that the wedge was secured from the inside put forth a possibility, but at the same time discloses the certainty that, if so, they merely jumped to a conclusion both contrary to the fact and contrary to what they could have known the fact to be had they taken the pains to find out. In short, it was careless to make that assumption, and especially is this so because spike heads were to be seen in the base of a wedge opposite this one and similar in place and purpose. Nor does it matter that subsequent use without the wedge proved that its presence was unnecessary. The test is whether the pile driver was seaworthy with the wedge aloft and unfastened as it was, not whether it would have been seaworthy with no wedge there at all. When the pile driver was being rigged for use, it only needed the driving of a few spikes to resolve in favor of safety any doubt about whether or not this wedge was fastened.

■ The duty of Converse to furnish to the claimant a seaworthy pile driver on which to work was so clearly left unperformed because of the negligence of Heyer, his superintendent, that we shall pass to the question of the right to limit liability under sections 4283–4286 R. S. as amended (46 USCA §§ 183–186). This depends upon whether he has proved that the privity or knowledge of Heyer are not in law his own. Heyer was the general superintendent in charge of the work for Converse. He made the arrangements for hiring the pile driver, saw to the inspection and rigging of it, and controlled its use. It is true that Converse him-

self signed the written agreement with the dock company under which the pile driver was obtained, but otherwise in respect to it Heyer acted in his place and stead with full authority. At least it was not shown that Heyer did not have full and complete authority over it both as to its condition and use in behalf of Converse as his general superintendent in charge of the work. So the scope of the authority delegated to Heyer by Converse was so broad that his privity or knowledge as to the unseaworthiness of the pile driver was in law that of Converse. Spencer Kellogg & Sons v. Hicks, 285 U. S. 502, 52 S. Ct. 450, 76 L. Ed. 903; In re P. Sanford Ross (C. C. A.) 204 F. 248; Chesapeake Lighterage & Towing Co., Inc., v. Baltimore Copper Smelting & Rolling Co. (C. C. A.) 40 F.(2d) 394; Boston Towboat Co. v. Darrow-Mann Co. (C. C. A.) 276 F. 778. We have been urged to change the amount of the award, but it is reasonable and just to all concerned.

Decree in Re Petition of New York Dock Company affirmed.

Decree in Re Petition of Howard P. Converse modified to deny limitation of liability, and, as so modified, affirmed.