### CORYELL ET AL. *v.* PHIPPS ET AL.

No. 246. Argued December 15, 1942.—Decided January 4, 1943.

---

*Mr. T. Catesby Jones,* with whom *Mr. Leonard J. Matteson* was on the brief, for petitioners.

*Mr. Chauncey I. Clark,* with whom *Mr. Eugene Underwood* was on the brief, for respondents.

MR. JUSTICE DOUGLAS delivered the opinion of the Court.

Petitioners instituted a suit in Admiralty in the federal District Court to recover damages for the destruction of vessels owned by them as a result of a fire which occurred in June, 1935, while the vessels were afloat at Pilkington's storage basin at Fort Lauderdale, Florida. The fire was caused by an explosion of gasoline fumes in the engine room of the yacht Seminole, registered in the name of Seminole Boat Co. and owned by it. Prior to 1929 the Seminole was owned by respondent Phipps and his brother. At that time they transferred the yacht to the Seminole Boat Co., a Delaware corporation, all of the stock of which was issued to the two brothers. At the time of the fire, respondent Phipps still owned half of the shares of stock, the other half having been acquired by his sister. Neither she nor Phipps was an officer or director of the company.

Respondent Phipps was sued on the theory that he was the owner of the yacht and operated and controlled her and that the Seminole Boat Co. was a dummy corporation. In his answer, Phipps set up, *inter alia,* the defense of limitation of liability contained in R. S. § 4283, 46 U. S. C. § 183.[1] The District Court found negligence on the part

---

[1] That section, as it read at the time of the fire, provided: "The liability of the owner of any vessel, for any embezzlement, loss, or destruction, by any person, of any property, goods, or merchandise,

of the Seminole Boat Co.  It held that the corporation was not a sham or a fraud but adequate to insulate Phipps as a stockholder from liability for this tort.  It went on to hold that, even if the corporation be disregarded, Phipps was without "privity or knowledge" of the events which caused the fire and hence could limit his liability to the value of his interest in the yacht.  39 F. Supp. 142.  The Circuit Court of Appeals affirmed. 128 F. 2d 702.  The case is here on a petition for a writ of certiorari which we granted because of an asserted conflict, on the point of limitation of liability under § 4283, between the decision below and *In re New York Dock Co.*, 61 F. 2d 777, and *In re Great Lakes Transit Corp.*, 81 F. 2d 441.

The sole questions raised by the petition relate to the liability of Phipps.  Petitioners renew here their contention that the corporate existence of the Seminole Boat Co. should be disregarded and that it should be treated as a mere dummy or sham.  We need not recite the facts on which that argument rests nor express an opinion on it. For even if we assume, without deciding, that the contention is a valid one and that Phipps should be treated as owner of the yacht for the purposes of this litigation, we nevertheless conclude that the courts below were correct in allowing the limitation of liability under § 4283.

That section, as it read at the time of the fire,[2] provided as we have stated that the "liability of the owner" might be limited to the "amount or value of the interest of such

_____

shipped or put on board of such vessel, or for any loss, damage, or injury by collision, or for any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity, or knowledge of such owner or owners, shall in no case exceed the amount or value of the interest of such owner in such vessel, and her freight then pending."

[2] No question has been raised here as respects the amendments to the section made by the Act of August 29, 1935, 49 Stat. 960, or by the Act of June 5, 1936, 49 Stat. 1479.

owner" in the vessel, where the loss was occasioned or incurred without his "privity or knowledge." The District Court found that the proximate cause of the fire was the presence of gasoline fumes in the engine room, caused by a leak in some part of the machinery or equipment. That leak, it concluded, occurred not from faulty original installation of the gasoline tanks but with the passage of time. The Circuit Court of Appeals sustained those findings. It was not found by either of the courts below, nor is it claimed, that Phipps had knowledge of that condition. It is urged, however, that the agents of Phipps and the Seminole Boat Co. selected to manage and inspect the yacht were incompetent and negligent, that their negligence is attributable to Phipps, and that, in any event, he could not establish his claim for limitation of liability without showing that he had appointed competent persons to make the inspection. See *M'Gill* v. *Michigan S. S. Co.*, 144 F. 788; *In re Reichert Towing Line*, 251 F. 214; *The Silver Palm*, 94 F. 2d 776. The Circuit Court of Appeals found that the vessel had been examined and pronounced fit by an experienced ship surveyor in February, 1935, that she developed no faults in a cruise between February and April of that year when she was turned over to Pilkington for storage, that "the crew left her gasoline valves closed, her electric switches open, her gas tanks registering empty, and her bilges clean and free of gasoline or gasoline vapor," and that "she was repeatedly examined by competent men between April 15 and June 24, 1935, who discovered nothing wrong with her." There is evidence to support those findings and we will not disturb them. Thus respondent has satisfied the burden of proof, which is on those who seek the benefit of § 4283, of establishing the lack of privity or knowledge (*M'Gill* v. *Michigan S. S. Co.*, supra; *In re Reichert Towing Line*, supra; *The Silver Palm*, supra) and is entitled to limit his liability, unless any neglect of those to whom duties

were delegated may be attributed to him for purposes of § 4283.

Petitioners press several lines of cases on us. We are not concerned here, however, with the question of limitation of liability where the loss was occasioned by the unseaworthiness of the vessel. The limitations acts have long been held not to apply where the liability of the owner rests on his personal contract. *Pendleton* v. *Benner Line*, 246 U. S. 353; *Luckenbach* v. *McCahan Sugar Co.*, 248 U. S. 139; *Capitol Transportation Co.* v. *Cambria Steel Co.*, 249 U. S. 334. As stated by Chief Justice Hughes in *American Car & Foundry Co.* v. *Brassert*, 289 U. S. 261, 264, "For his own fault, neglect and contracts the owner remains liable." And that exception extends to an implied as well as to an express warranty of seaworthiness. *Cullen Fuel Co.* v. *Hedger Co.*, 290 U. S. 82. But whatever limit there may be to that exception (*id.*, p. 89; cf. *Earle & Stoddart* v. *Ellerman's Wilson Line*, 287 U. S. 420, arising under the fire statute) those cases are no authority for imputing to the individual owner the neglect of another so as to establish on his part privity within the meaning of the statute.

Petitioners also rely on cases involving corporate shipowners. In those cases it is held that liability may not be limited under the statute where the negligence is that of an executive officer, manager or superintendent whose scope of authority includes supervision over the phase of the business out of which the loss or injury occurred. *Spencer Kellogg & Sons* v. *Hicks*, 285 U. S. 502, and cases cited; 3 Benedict, Admiralty (6th ed.) § 490. But those cases are no authority for holding that the negligence of a subordinate may be imputed to an individual owner so as to place him in privity within the meaning of the statute. A corporation necessarily acts through human beings. The privity of some of those persons must be the privity of the corporation else it could always limit its

liability. Hence the search in those cases to see where in the managerial hierarchy the fault lay.

In the case of individual owners, it has been commonly held or declared that privity as used in the statute means some personal participation of the owner in the fault or negligence which caused or contributed to the loss or injury. *The 84–H*, 296 F. 427; *Warnken* v. *Moody*, 22 F. 2d 960; *Flat-Top Fuel Co.* v. *Martin*, 85 F. 2d 39; and see *La Bourgogne*, 210 U. S. 95, 122; *Richardson* v. *Harmon*, 222 U. S. 96, 103; 3 Benedict, Admiralty (6th ed.) § 489. That construction stems from the well settled policy to administer the statute not "with a tight and grudging hand" (Mr. Justice Bradley in *Providence & New York S. S. Co.* v. *Hill Mfg. Co.*, 109 U. S. 578, 589) but "broadly and liberally" so as "to achieve its purpose to encourage investments in shipbuilding and to afford an opportunity for the determination of claims against the vessel and its owner." *Just* v. *Chambers*, 312 U. S. 383, 385. And see *Larsen* v. *Northland Transportation Co.*, 292 U. S. 20, 24; *Flink* v. *Paladini*, 279 U. S. 59, 62; *Richardson* v. *Harmon, supra,* p. 103. Some cases, however, have barred the individual owner from the benefits of the statute even though the element of personal participation in the fault or negligence was not present. Thus it has been thought that the scope of authority delegated by an individual owner to a subordinate may be so broad as to justify imputing privity (*In re New York Dock Co., supra,* p. 779) as well as knowledge. *In re Great Lakes Transit Corp., supra,* p. 444. We need not reach those questions in this case. Privity, like knowledge, turns on the facts of particular cases. Here two courts have found the absence of both. We accept concurrent findings upon such matters. *Just* v. *Chambers, supra,* p. 385. And even were we to assume without deciding that for the purposes of § 4283 privity as well as knowledge of an individual owner may be constructive rather than actual, it does not follow

that Phipps should be barred from limiting his liability. One who selects competent men to store and inspect a vessel and who is not on notice as to the existence of any defect in it cannot be denied the benefit of the limitation as respects a loss incurred by an explosion during the period of storage, unless "privity" or "knowledge" are to become empty words. If § 4283 does not give protection to the individual owner in these circumstances, it is difficult to imagine when it would.

*Affirmed.*