Mary CARNERA, General Administratrix of the Estate of Severino Carnera, Deceased; and Mary Carnera, Administratrix ad Prosequendum of the Estate of Severino Carnera, Deceased, Appellants,

v.

LANCASTER CHEMICAL CORPORATION.
No. 16542.

United States Court of Appeals Third Circuit.

Argued Nov. 21, 1967.

Decided Dec. 8, 1967.

Gerald W. Conway, Schreiber & Lancaster, Newark, N. J., for appellee.

Before HASTIE, FREEDMAN and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM:

▮ This personal injury and death case is before the court on appeal from a District Court order, dismissing the action for lack of subject matter jurisdiction due to failure of plaintiff to allege in the Complaint or prove [1] that the principal place of business of the defendant corporation was not in New Jersey, of which state the appellant-fiduciary is admittedly a citizen. See 28 U.S.C. § 1332(c); Kelly v. United States Steel Corporation, 284 F.2d 850 (3rd Cir. 1960). Also, appellant has not sustained her burden of proving that the corporate veil of the appellee parent corporation should be pierced to permit her to show that its business and that of its subsidiaries was a unitary enterprise with a principal place of business in Delaware.[2] See Coryell v. Phipps, 128 F.2d 702, 704 (5th Cir. 1942), aff'd. on other grounds, 317 U.S. 406, 63 S.Ct. 291, 87 L.Ed. 363 (1943); Zubik v. Zubik and Drambel, 384 F.2d 267, at pp. 270 & 273 (3rd Cir., opinion of 9/29/67).

▮ Appellant's contention that 28 U.S.C. § 1332(c) applies only as a limitation on the power of a corporation to remove an action from a state court to

Jack Mandell, Balk, Jacobs, Goldberger & Mandell, Newark, N. J., for appellants.

1. As stated in Kaufman v. Liberty Mutual Insurance Company, 245 F.2d 918, 920 (3rd Cir. 1957), "the party asserting it has the burden of proving all the jurisdictional prerequisites," even though both parties have stipulated to the existence of the necessary jurisdictional facts.

2. A careful examination of the record requires the denial of appellant's contention that the discovery rulings in the order of September 26, 1966, prevented her from securing information which might have justified a piercing of the corporate veil. Although defendant had several subsidiaries in September 1964, when this suit was instituted, the record shows that only one subsidiary did business in Delaware, whereas defendant furnished administrative services (just as logically a part of its business as a holding company) for several of its subsidiaries, including the Delaware subsidiary, in New Jersey. Cases dealing with the principal place of business of a subsidiary which does business with its parent have looked to the specific business done by each corporation in determining the principal place of business of each corporation. See Epstein v. Gilford Industries, Inc., 218 F.Supp. 286 (S.D.N.Y.1963); Inland Rubber Corporation v. Triple A Tire Service, Inc., 220 F.Supp. 490 (S.D.N.Y.1963).

the federal court is rejected. See Canton v. Angelina Casualty Company, 279 F.2d 553, 554 (5th Cir. 1960); 1 Moore, Federal Practice, § 0.77 [1.2], p. 717.6, n. 10 (2nd Ed. 1964).

The order of the District Court will be affirmed.