**In the Matter of the Petition of the M/V SUNSHINE, II, Petitioner,**

and

**Robert W. WHITAKER, for exoneration from or limitation of liability, Petitioner-Appellant,**

v.

**Patricia A. BEAVIN, Kirk Hindson, Juanita Hindson, Claimants-Appellees.**

No. 85–3968.

United States Court of Appeals, Eleventh Circuit.

Jan. 23, 1987.

Robert J. Giuffra, John Hession, Dougherty, Ryan, Mahoney, Pellegrino, Guiffra & Zambito, New York City, for petitioner-appellant.

Fred M. Peed, Marcia K. Lippincott, Orlando, Fla., for claimants-appellees.

Before GODBOLD and FAY, Circuit Judges, and ATKINS *, Senior District Judge.

GODBOLD, Circuit Judge:

Robert W. Whitaker filed a petition for limitation of and/or exoneration from liability pursuant to the Limitation of Liability Act, 46 U.S.C. § 183. The Act permits the owner of a vessel to limit his liability for loss or damage done, occasioned or incurred by collision without his privity or knowledge.

The petition alleged that the Sunshine II, a 33 foot Carver Cruiser, was owned and operated by Whitaker and while proceeding northward on the St. Johns River in Florida collided with a 19 foot southbound Cobia motor boat. Theodore Beavin, the operator of the smaller boat, was killed, and Kirkley F. Hindson, a passenger in that boat, was injured. The petition alleged that the accident and the injuries and damages resulting therefrom were not caused by or contributed to by the privity or knowledge or by any fault, neglect or want of care on the part of the Sunshine II or Whitaker or those in charge of the Sunshine II, but rather that the casualty was caused through the fault of those controlling and in charge of the Cobia boat.

The injured passenger and his wife, and the personal representative of the estate of Beavin, the operator of the Cobia, filed claims. The claims alleged that the injuries and death were proximately caused by the negligent operation of the Sunshine II by Whitaker.

Whitaker filed an answer to the claims in which he denied the allegations of negligence. Also he filed a cross-claim for indemnity or contribution against the estate of decedent Beavin, alleging that injuries claimed by the Hindsons were caused or contributed to by the negligence of Beavin in that he operated his vessel while under the influence of intoxicating beverages, without proper navigational lights, on the wrong side of the channel, and in a reckless, erratic and negligent manner.

The district court dismissed the petition, relying on *Fecht v. Makowski*, 406 F.2d 721 (5th Cir.1969), citing it as authority that when an owner is in control of and operating his own pleasure craft he has privity or knowledge with respect to its operation and therefore is not entitled to limitation of liability for actions arising from his negligence.

The ultimate burden of proof as to absence or lack of privity or knowledge is upon the petitioner Whitaker. He must prove the negative proposition. Benedict, *Admiralty*, § 41 p. 5–2. Privity or knowledge has been frequently defined as follows:

> As used in the statute, the meaning of the words "privity or knowledge," evidently, is a personal participation of the owner in some fault, or act of negligence, causing or contributing to the loss, or some personal knowledge or means of knowledge, of which he is bound to avail himself of a contemplated loss, or a condition of things likely to produce or contribute to the loss, without adopting ap-

---

\* Honorable C. Clyde Atkins, Senior U.S. District Judge for the Southern District of Florida, sitting by designation.

propriate means to prevent it. There must be some personal concurrence, or some fault or negligence on the part of the owner himself, or in which he personally participates, to constitute such privity, within the meaning of the Act, as will exclude him from the benefit of its provisions.

*Lord v. Goodall, Nelson & Perkins S.S. Co.*, 15 F.Cas. 8,506 (C.C.Cal.1877), quoted in *Benedict*, § 41, p. 5–3. "... [M]ere negligence, pure and simple, in and of itself does not necessarily establish the existence on the part of the owner of a vessel of privity and knowledge within the meaning of the statute." *La Bourgogne*, 210 U.S. 95, 28 S.Ct. 664, 52 L.Ed. 973 (1908).

■ The complaint filed by Whitaker was required to "set forth the facts on the basis of which the right to limit liability is asserted." Supplemental Rule F(2) to F.R. Civ.P. for Admiralty Claims. Where the cause and harm arise from a collision between two vessels we doubt that it is sufficient to allege, as Whitaker did, that the Sunshine II and the Cobia boat collided, that Whitaker was free from fault, and that all fault was on the Cobia.[1] While "the narrative need not necessarily be elaborate," it "should be full and complete." *Benedict*, § 74, p. 8–25 and 8–26. "The faults of other parties and other vessels are [to be] alleged in detail as in the case of any collision libel or answer." *Benedict*, § 74, p. 8–29; *see also* Suggested Forms 74–17 and 74–19. These requirements were not met.

■ If the claimants desired to contest exoneration or limitation they were required to answer. Supplementary Rule F(5). It was not sufficient for them simply to deny Whitaker's allegations of freedom from fault; the answer must set forth particular faults alleged as grounds for denying the petition. *Benedict*, § 88, p. 8–162 n. 2.

In this case there is a petition for both limitation and exoneration. The burden of proof of limitation is on Whitaker. The burden of proof of exoneration is on the claimants; they must prove some fault on the part of petitioner as in the case of a complaint charging liability. The allegations of the answer must stand as the allegations of a complaint. *Benedict*, § 89, p. 8–163 and 164.

In this case neither party told the court enough. But the petition was not dismissed for insufficiency. Once the answer was interposed the matter stood for hearing on proof like any other cause at issue. *Benedict*, § 91, p. 8–165. For the convenience of the parties, general liability is ordinarily heard along with the petition for limitation. The petitioner must prove the conditions that entitle him to limitation. It is possible that he will be exonerated from fault (if claimant fails to prove any fault), in which event the surrendered vessel or other property is returned and petitioner's stipulation cancelled.

The two-step analysis involved in a limitation case has been described in *In the Matter of the Complaint of Hercules Carriers, Inc.*, 768 F.2d 1558 at 1563–64 (11th Cir.1985) where this court held:

... [A] determination of whether a shipowner is entitled to limit his liability involves a two-step analysis. As stated in *Farrell Lines, Inc. v. Jones*, 530 F.2d 7 (5th Cir.1976): "First, the court must determine what acts of negligence or conditions of unseaworthiness caused the accident. Second, the court must determine whether the shipowner had knowledge or privity of those same acts of negligence or conditions of unseaworthiness." 530 F.2d at 10. Moreover, once a claimant satisfies the initial burden of proving negligence or unseaworthiness, the burden of proof shifts to the shipowner to prove the lack of privity or knowledge. *See, Coryell v. Phipps*, 317 U.S. 406, 409, 63 S.Ct. 291, 293, 87 L.Ed. 363 (1943); *Coleman v. Jahncke Service, Inc.*, 341 F.2d 956, 958 (5th Cir.1965),

---

1. Whitaker's cross-claim got down to some real allegations of fact that might bear on exoneration/limitation as well as indemnity and contribution.

*cert. denied,* 382 U.S. 974, 86 S.Ct. 538, 15 L.Ed.2d 465 (1966).

■ The appellees rely, as did the district court, upon language in *Fecht v. Makowski:*

> ... when an owner is in control of and operating his pleasure craft he has privity or knowledge with respect to the operation, therefore he is not entitled to limitation for accidents arising from his negligence ...

We take this to mean what Gilmore and Black suggest in *The Law of Admiralty,* § 10–23, p. 883: "Owners careless enough to operate (or to be on board) their own boats when an accident occurs need not hope for much sympathy." But this precatory statement is hardly a legal principle. The accompanying footnote, n. 93 f., states: "The owner's presence is not necessarily fatal to his right to limit if the evidence suggests that his conduct was in all respects prudent." In short, in most circumstances negligence in operation will be sufficiently connected to the owner on board his own small vessel and operating it that he will be found to have privity or knowledge, but this common sense recognition of how the facts will usually work out is not an ineluctable doctrine to be applied at the pleading stage, on conclusory and disputed allegations, as a substitute for the knowledge necessary to lead a court to rational decision. The "owner at the helm" doctrine is a useful tool directed toward proper decision and not a talisman.[2]

Summary disposition on a motion to dismiss was inappropriate, since factual development of the issue of fault causing or contributing to the loss would perforce resolve a question of entitlement to limitation. Whether this can be done by summary judgment after filing of affidavits or discovery would be of course a matter for the district court.

REVERSED.

---

**2.** In *Petition of Davis,* 1950 A.M.C. 1028 (N.D. Cal.1950) the court labeled as a sham that never should have been filed a limitation petition filed by an owner operating his own pleasure craft. But to reach this conclusion the court relied upon the undenied allegations in plaintiffs' exceptions to the petition and petitioner's testimony under oath. In the present case there is neither of these sources of information, only barebone conclusions of negligence and absence of negligence, the occupants of each vessel charging the other and exonerating himself.