In the Matter of Michael GUGLIELMO for Exoneration from or Limitation of Liability.

No. 86 CV 542.

United States District Court, E.D. New York.

Feb. 2, 1989.

Rivkin, Radler, Dunne & Bayh by George K. DeHaven and Camille A. Raia, Uniondale, N.Y., for petitioner.

Vincent J. Trimarco by Clare B. Connaughton, Smithtown, N.Y., for claimant.

## MEMORANDUM AND ORDER

PLATT, Chief Judge.

Claimant Jeanne Kroemer, administratrix of the estate of Edward Kroemer, moves this Court for summary judgment arguing that the Limitation of Liability Act, 46 U.S.C.App. § 183(a) does not apply to pleasure boats. Petitioner opposes claimant's motion and cross-moves for summary judgment on the grounds that 46 U.S.C.App. § 183(a) does apply to pleasure boats.

### FACTS

Petitioner owned a 21' motor boat and decedent owned a 17' motor boat. The two boats collided at 2:15 P.M. on August 3, 1985 on Smithtown Bay. Petitioner's boat, operated by his 21 year old son, was towing a waterskier and carrying two passengers at the time of the collision. Decedent was fishing from his boat at the time of the collision, suffered extensive injuries and died at 6:26 P.M. that same evening. On February 21, 1986, petitioner commenced this action. On March 5, 1986, claimant commenced a wrongful death action in the State Supreme Court, County of Suffolk against Michael Guglielmo and his son, Michael Guglielmo, Jr.

### DISCUSSION

The Honorable Henry Bramwell of this Court, on May 2, 1986, denied claimant's motion to dismiss the complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Judge Bramwell held that this collision of two pleasure boats on navigable waters involving a navigational error allegedly committed by the operator of the boat does fall within federal maritime jurisdiction. Record, p. 5. *See Foremost Insurance Co. v. Richardson*, 457 U.S. 668, 680, 102 S.Ct. 2654, 2661, 73 L.Ed.2d 300 (1982).

■ Claimant urges this Court to follow a recent trend in the First, Sixth, Seventh and Eight Circuit Courts which has rejected the view that 46 U.S.C.App. § 183(a) applies to pleasure boats. This argument was also made before Judge Bramwell and he determined in part that "even if the Court were to adopt a recent trend development in certain circuit courts which redefines the holding in *Foremost*, this action would nonetheless fall within federal maritime jurisdiction." Record, p. 5. We agree with Judge Bramwell that this petition is properly before this Court. In addition we must reject, despite claimant's urging, the recent trend in other circuits which does not permit pleasure boat owners the protection of this statute as it does not reflect the state of the law in this Circuit. *See Complaint of Interstate Towing Co.*, 717 F.2d 752 (2d Cir.1983); *Application of Theisen*, 349 F.Supp. 737 (E.D.N.Y.1972); *Petition of Landi*, 194 F.Supp. 353 (S.D.N.Y.1960).

■ Petitioner seeks summary judgment on the issue of petitioner's entitlement to the protection of the statute. Liability is only limited if the owner is without privity or knowledge of the cause of the loss. If the owner is chargeable with privity and knowledge then his personal liability is not changed by the statute. The burden of proving lack of privity or knowledge of the cause of the loss is on those who seek the benefit of the statute. *Coryell v. Phipps*, 317 U.S. 406, 63 S.Ct. 291, 87 L.Ed. 363 (1943). The burden is first on the claimant, however, to establish the alleged negligence and unseaworthiness, privity or knowledge of which may be attributed to the owner. In her verified answer, claimant has alleged negligence on the part of the petitioner and that the vessel was unseaworthy because it was improperly manned with an inexperienced and improper crew and an insufficient number of crewmen. There are no allegations that the vessel itself was in any way unseaworthy in terms of structure or mechanical defects.

Petitioner was in California at the time of the collision and, thus, does not have first-hand knowledge of the facts of the accident. However, he had given permission to his son to use and operate the boat, and to invite his friends fishing and waterskiing. At his deposition, petitioner testified that his son had approximately four-

teen years experience riding in and operating motorboats and had received informal training as well as formal training by the Coast Guard to receive a "license" which was required for operators under age sixteen. Based on his personal observation of his son, petitioner testified that his son is a knowledgeable, competent and careful operator.

Petitioner admits that this may be insufficient to meet his burden and that "the measure of the knowledge is not what the owner knows, but what he is charged with finding out." *Theisen* at 740. In *Theisen* the operator at the time of the accident was the teenage son of the owner. The owner argued that he was entitled to the protection of the statute because he had no privity or knowledge of the cause of the accident. However, the testimony showed that it was well known in the community that the son was a reckless operator with a bad reputation. The Court found that "petitioner had ample opportunity and available information to discover the true situation of his son's conduct at sea." *Theisen* at 741. Petitioner's failure to discover his son's bad reputation was negligence and the vessel was rendered unseaworthy due to an incompetent crew or operator. The petitioner in *Theisen* was not entitled to the protection of the statute.

Claimant has only raised one incident in which Michael, Jr. was stopped by the bay constable, but not issued a summons, for "going a little too fast." This incident was "many years ago" according to Michael, Jr.'s testimony at his deposition and is one his father knows about. Claimant has provided nothing more than the bare allegations as to her claims of unseaworthiness. It seems, therefore, that petitioner's scope of knowledge was not insufficient as to his son's abilities as an operator. No negligence or unseaworthiness has been established by claimant about which petitioner must demonstrate lack of privity or knowledge.

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A material fact is one identified by the substantive law as relevant and necessary to a determination of the legal elements of the claim. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The dispute as to the material fact must also be genuine such that a reasonable jury could return a verdict for the nonmoving party. *Anderson* 106 S.Ct. at 2510. The nonmoving party cannot rest on mere allegations but "must set forth specific facts showing there is a genuine issue for trial." Rule 56(e) of the Federal Rules of Civil Procedure.

Claimant has not raised any issues of material fact relevant to the question of petitioner's privity or knowledge of the cause of the loss. The questions raised concerning petitioner's insurance policy do not bear on petitioner's privity or knowledge in the context of the liability limitation statute and therefore do not raise a genuine issue for trial. The one time that Michael, Jr. was stopped by the constable does not create an issue under the substantive law bearing on petitioner's negligence or the unseaworthiness of the vessel as it pertains to the liability limitation statute.

## CONCLUSION

Accordingly, claimant's motion for summary judgment must be and the same is hereby denied and petitioner's cross-motion for summary judgment must be and the same is hereby granted.

SO ORDERED.