**Matthew GINOP, Plaintiff,**

v.

**A 1984 BAYLINER 27' CABIN CRUIS-ER, HIN No: BLBA29SG0983 and James Jacobs, Defendant.**

No. CIV. 01–72245.

United States District Court,
E.D. Michigan,
Southern Division.

Jan. 27, 2003.

George T. Fishback, Detroit, MI, for plaintiff.

Peter W. Peacock, Plunkett & Cooney, P.C., Mount Clemens, MI, for defendant.

## MEMORANDUM OPINION AND ORDER

ANNA DIGGS TAYLOR, District Judge.

### I.

This limitation of liability ("LOL") petition arises out of serious personal injuries which Plaintiff Matthew Ginop ("Ginop") suffered when he went boating on Lake St. Clair with three college friends: Defendant James Jacobs ("Jacobs"), Brian Hervey ("Hervey") and Michael Hemby ("Hemby"). Ginop filed a complaint in this Court alleging that Jacobs' negligence was the cause of Ginop's injuries. On November 25, 2002, the Court heard oral arguments on Jacobs' petition for exoneration

from or limitation of liability pursuant to 46 U.S.C.App. § 185[1] and Comment F to the Federal Rules of Civil Procedure. Fed.R.Civ.P. Supplemental Admiralty and Maritime Claims Rule F (*hereinafter* Rule F). Because the Court finds that Jacobs did not have the required privity, the Court must GRANT Defendant Jacobs' LOL petition, and must DENY Plaintiff Ginop's motion for summary judgment.

## II.

The facts of this case are relatively undisputed. Neither Jacobs nor Ginop were strangers to the water. Jacobs grew up near a lake, his family owned a boat throughout most of his childhood and he learned most everything he knew about boat operation from watching his father. Ginop had completed a boater safety course and testified that he was aware of water safety issues.

On the day of the accident, Ginop was a passenger on the virgin voyage of a brand new 27 foot cabin cruiser which Jacobs operated and which Jacobs, Hervey and Hemby had just purchased, in partnership. The boat was registered in Jacobs' name and was equipped with a swim platform and an operational depth finder. Jacobs, Hervey and Hemby had not been out on the boat prior to that day. The four men decided together, before launching, to take the boat to the nearby Anchor Bay area of Lake St. Clair where they could swim. Jacobs had never boated in that area. Ginop could not recall whether or not he had previously done so on a different boat. Before boarding, and again while on the

boat, Hemby, who was familiar with the area, told the other three men that the water was quite shallow and was approximately four (4) feet deep in places. Ginop was present during these conversations.

Approximately 200 yards from shore, at Anchor Bay, Jacobs put the boat in neutral and handed the controls to Hemby. As the boat coasted to a stop, the bow faced into the bay where there were other boats, the closest of which was an estimated fifty (50) yards away, and a number of swimmers, some of whom were standing chest-deep in the water. Ginop did not inquire about the depth of the water. While Jacobs was lowering the anchor, Ginop dove head first from the bow of the boat. Ginop sustained a C–5 spinal fracture resulting in paraplegia.

At a hearing on April 1, 2002, this Court initially denied Jacobs' LOL petition, finding that he had not filed his petition within the six (6) month time requirement after receiving written notice of a possible claim, and that Jacobs did not properly plead exoneration or LOL as an affirmative defense.[2] Jacobs filed a motion for reconsideration asserting that the six (6) month time period did not begin on the date that the complaint was filed, but rather the time period commenced on the date that he was personally served with the complaint, as that date indicated the first time Jacobs received written notice of the claim. The Court granted Defendant's motion for reconsideration and allowed Defendant to file the instant petition. This memoran-

---

**1.** 46 U.S.C.App. § 185 states in relevant part:

The vessel owner, within six months after a claimant shall have given to or filed with such owner written notice of claim, may petition a district court of the United States of competent jurisdiction for limitation of liability within the provisions of this chapter . . . .

**2.** The LOL defense may be raised pursuant to two methods: 1) 46 U.S.C.App. § 183(a) permits a ship owner to limit liability to the value of the owner's interest in the vessel by asserting it as a defense within the first responsive pleadings; or 2) 46 U.S.C.App. § 185 enables the vessel owner to petition the Court for such limitation within six (6) months after the claimant receives written notice of the claim.

dum constitutes the Court's findings of fact and law on Defendant's LOL petition.

### III.

 Federal district courts have exclusive admiralty jurisdiction over LOL actions. 28 U.S.C. 1333; Rule F. It has been clearly established that the determination of whether LOL applies requires a two-step analysis. *Estate of Muer v. Karbel,* 146 F.3d 410, 415 (6th Cir.1998); *In re Cleveland Tankers, Inc.,* 67 F.3d 1200, 1203 (6th Cir.1995), *cert. denied,* 517 U.S. 1220, 116 S.Ct. 1848, 134 L.Ed.2d 949 (1996); *Carr v. PMS Fishing Corp.,* 191 F.3d 1, 5 (1st Cir.1999); *Polly v. Estate of Carlson,* 859 F.Supp. 270, 274 (E.D.Mich. 1994). First, there must be a decision as to defendant's negligence or the vessel's seaworthiness. Second, there must be a determination of privity. While Jacobs has the ultimate burden of proving lack of privity, Ginop bears the initial burden of proving negligence or unseaworthiness. *Muer,* 146 F.3d at 415; *Polly,* 859 F.Supp. at 274. Although Ginop does not dispute seaworthiness of the vessel, he argues that Jacobs was negligent for failure to warn, and that Jacobs personally participated, or had statutory privity, in causing the accident.

### A. Negligence

At oral argument, Plaintiff's counsel stated that he believed that the sole purpose of the hearing was for Defendant to establish lack of privity, and that Plaintiff intended to prove negligence at trial. Plaintiff's counsel further stated that he had hired an aquatic expert, who was not present at the LOLA hearing, but who could be phoned, if necessary, to report to court and testify regarding the statistically high incidence of spinal injuries in that area of Lake St. Clair. The Court declined to consider the expert's testimony after Defendant's counsel objected, be-cause there was no record of such testimony, as the expert had not been deposed.

Ginop asserts that Jacobs failed to alert, advise, instruct, or otherwise warn Ginop that the water was very shallow and presented an extreme danger and hazard of injury. At the hearing, Ginop's counsel summarily asserted that the duty to warn arises out of admiralty law, generally, without citing any cases in support. Jacobs contends, however, not only that he was new to the area himself, but that Hemby had stated that the water was shallow in Ginop's presence before and after the men boarded the boat, and that if Ginop did not hear Hemby's warning, it must have been because Ginop was not paying attention. Moreover, all aboard were advised by the boat's depth finder at all times.

 The elements of a negligence claim under admiralty law are "essentially the same" as those required to prove a land-based negligence claim. *Pearce v. United States,* 261 F.3d 643, 647–48 (6th Cir.2001). Those elements are: 1) the existence of a duty of care owed by the defendant to the plaintiff; 2) the breach of that duty of care; 3) a causal connection between the offending conduct and the resulting injury, or proximate cause; and, 4) actual loss, injury or damage suffered by the plaintiff. *Id.* (quoting 1 Thomas J. Schoenbaum, *Admiralty and Maritime Law* § 5–2, at 170 (3d ed.2001)).

#### 1. Duty to Warn

 The general principles of admiralty law require that an owner exercise such care as is reasonable under the circumstances. *Anderson v. Whittaker Corp.,* 894 F.2d 804, 815 (6th Cir.1990)(citing *Kermarec v. Compagnie Generale Transatlantique,* 358 U.S. 625, 632, 79 S.Ct. 406, 3 L.Ed.2d 550 (1959)). In *Pearce,* the plaintiffs' deceased relatives

("decedents") had launched a boat to go fishing near a dam opening. *Pearce,* 261 F.3d at 646. Nine warning signs were posted along the route from the boat launch point to the dam opening stating that life jackets were required and that the water was subject to sudden rise and violent turbulence. *Id.* A navigational chart clearly marking the area also was available to the public. Despite the warning signs, the decedents went fishing inside the dam opening without life jackets. *Id.* The decedents drowned when the dam's gates opened and they were unable to start the boat's engine. *Id.* The plaintiffs claimed that the United States Army Corps of Engineers ("Corps") negligently operated the dam by failing to take reasonable steps to audibly warn those in a danger zone. *Id.* at 647. Despite the fact that the Corps' warning horn system was not working on the day of the decedents' accident, the Sixth Circuit upheld the district court's finding that the Corps had satisfied its duty to warn by posting clearly visible warning signs. *Id.* at 650.

The Court finds that Jacobs fulfilled his duty to exercise reasonable care under the circumstances. It was both Jacobs' and Ginop's first time boating in the area. Like the Corps in *Pearce,* however, Jacobs provided Ginop with enough information to apprize Ginop of the water's shallowness. *Id.* Jacobs' boat was equipped with an operational depth finder. Although Jacobs did not himself tell Ginop that the water was shallow, Ginop was present during conversations where Hemby informed all of the boat's passengers of the water's depth. Further, Jacobs did not warn Ginop not to dive because Jacobs did not have the opportunity to do so; Ginop dove while Jacobs was lowering the anchor. Jacobs' failure to repeat to Ginop, individually, the information that Hemby had conveyed before and during the boat ride to all present, which the depth finder con-

firmed, does not constitute breach of a boat owner's duty to warn.

### 2. Proximate Cause

 A defendant is not negligent when the plaintiff's behavior was the proximate cause of the accident. *Id.* (holding that "[t]he decedents' reckless behavior, not any action or inaction by the Corps, was the proximate cause of their deaths," and affirming the district court's holding that the sole cause of the decedents' accident was their failure to use reasonable care for their own safety). Ginop failed to use reasonable care for his own safety. *Id.* The boat had a swim platform, yet Ginop dove from the bow. Ginop dove into the water without warning and without inquiring as to the water's depth. Other swimmers were plainly visible to all, standing in the shallow water. It is not reasonable, under any circumstances, to dive into a body of water without knowing its depth. Ginop's failure to heed Hemby's warnings that the water was shallow, his failure to consult the depth finder, his failure to use the swim platform, and his disregard of the significance of other swimmers standing in the water nearby, not Jacobs' behavior, were the proximate causes of Ginop's unfortunate injury. Based on the evidence presently before it, this Court, like the *Pearce* court, declines to hold Jacobs responsible for Ginop's unilateral actions. *Id.* The Court finds that Ginop has not proven that Jacobs breached the duty to warn or that Jacobs was the proximate cause of Ginop's accident. *Id.*

### B. Privity

 The second step in the LOL analysis is a determination of privity. Although Ginop's attorney stated in closing that he had not presented all of his evidence on negligence at the hearing, the Court must proceed with the privity analysis in order

to make its ruling on Jacobs' LOL petition. *See Coryell v. Phipps*, 317 U.S. 406, 411, 63 S.Ct. 291, 87 L.Ed. 363 (1943)(holding that a ship owner is entitled to LOL only if he did not personally participate in causing the injury); *Muer*, 146 F.3d at 414.

Ginop asserts that when an owner is in control of and operating his pleasure craft, he has privity or knowledge with respect to its operation, therefore he is not entitled to limitation for accidents arising from his negligence. *See Fecht v. Makowski*, 406 F.2d 721 (5th Cir.1969). Ginop believes that the privity requirement is established in this case because, as the skipper, Jacobs made the determination of where the boat would stop for swimming. Ginop also asserts that Jacobs cannot escape liability for causing Ginop's injuries simply because Jacobs handed over the controls to Hemby while Jacobs dropped the anchor. Finally, Ginop maintains that if it is determined that Jacobs lacked privity, then Jacobs will not be subject to any liability, and there will be no need to limit Jacobs' liability.[3] Jacobs testified that: 1) he had no personal influence on Ginop's decision to dive into the water; and, 2) he did not know that Ginop was going to jump or dive, or had jumped or dived, until he heard a splash and heard Hervey say that Ginop was "not coming up."

■ Privity is defined as some personal participation of the owner in the fault or negligence which caused or contributed to the loss or injury. *Coryell*, 317 U.S. at 411, 63 S.Ct. 291, 87 L.Ed. 363; *see also, Muer*, 146 F.3d at 415–16 (defining privity as the vessel owner's knowledge of the negligent or unseaworthy condition). The Sixth Circuit has, however, rejected the *Fecht* court's reasoning on which Ginop relies and which states that the presence of a pleasure craft's owner when an accident occurs is sufficient to establish privity without first establishing the owner's negligence. *See Muer*, 146 F.3d at 416 (quoting *In re M/V Sunshine, II*, 808 F.2d 762, 764 (11th Cir.1987)(citing Gilmore and Black, *The Law of Admiralty*, § 1–23, n. 93)). "The owner's presence is not necessarily fatal to his right to limit [liability] if the evidence suggests that his conduct was in all respects prudent." *Id.* (internal citations omitted).

The Court finds that Jacobs was prudent in all respects. *Id.* For the reasons stated more fully above in part III. A., it was Ginop's behavior that was imprudent under the circumstances. The Court also finds that Jacobs' mere presence at the time of the accident is insufficient to constitute privity as Jacobs did not personally participate in causing Ginop's injuries. *Id.* Indeed, Jacobs testified that he was totally unaware of the unannounced dive until he heard a splash. As neither Jacobs' negligence nor privity has been shown, Jacobs, the vessel owner, is entitled to LOL. *Muer*, 146 F.3d at 416 (citing *Cleveland Tankers*, 67 F.3d at 1203).

## C. Summary Judgment/Directed Verdict

■ At the hearing, Jacobs' counsel moved for a directed verdict as to Jacobs' LOL petition and Ginop's counsel submitted a brief entitled "Motion for Summary Judgment and/or Directed Verdict Relative to Defendant's Complaint for Exoneration from or Limitation of Liability." A court should apply a federal directed verdict standard in ruling on a motion for summary judgment. *City Environmental, Inc. v. U.S. Chemical Co.*, 814 F.Supp. 624, 632 (E.D.Mich.1993). The inquiry on a

---

**3.** The Court rejects this argument. Here, Ginop has conflated the two-step analysis required in LOL actions. *See Anderson*, 894 F.2d at 815 (quoting *In re Young*, 872 F.2d 176 (6th Cir.1989)(stating that a *"negligent* owner is not relieved of liability unless he can prove lack of privity or knowledge")).

summary judgment motion or a directed verdict motion is the same: "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.;* Fed.R.Civ.P. 56. The Court will construe both Ginop's and Jacobs' directed verdict motions as summary judgment motions. *See* Fed.R.Civ.P. 50(a); Fed.R.Civ.P. 56.

On motions for summary judgment, the moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Poss v. Morris,* 260 F.3d 654, 665 (6th Cir.2001). In order to survive a summary judgment motion, the non-moving party cannot rest on its pleadings alone, but must put forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Morris,* 260 F.3d at 665. All facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Poss,* 260 F.3d at 665. In the case of LOL petitions, simply alleging facts that support a finding of knowledge or privity does not automatically lead to dismissal as a matter of law. *Muer,* 146 F.3d at 416. A plaintiff must meet his initial burden of demonstrating negligence, therefore the mere showing of privity or knowledge does not preclude a LOL action. *Id.; In re Cleveland Tankers,* 67 F.3d at 1203.

### 1. Plaintiff's Summary Judgment Motion

Ginop contends that he is entitled to summary judgment because Jacobs cannot demonstrate that he lacked privity. Ginop, however, has not set forth any facts upon which a jury could find privity on Jacobs' part. *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548, 91 L.Ed.2d 265; *Liberty Lobby,* 477 U.S. at 248, 106 S.Ct. 2505, 91 L.Ed.2d 202; *Morris,* 260 F.3d at 665. Furthermore, if Ginop could prove that there was no genuine issue regarding Jacobs' privity, doing so would not lead to an automatic dismissal of Jacobs' LOL petition as a matter of law because, even if the aquatic expert's testimony had been accepted, Ginop has not met his initial burden of proving Jacobs' negligence. *Muer,* 146 F.3d at 416; *In re Cleveland Tankers,* 67 F.3d at 1203. The Court finds that Ginop has failed to meet his burden of establishing that no genuine issue of material fact exists as to Jacobs' lack of privity. *Matsushita,* 475 U.S. at 587, 106 S.Ct. 1348, 89 L.Ed.2d 538. Therefore, Ginop is not entitled to judgment as a matter of law, and his request for summary judgment must be DENIED.

### 2. Defendant's Summary Judgment Motion

Jacobs maintains that he is entitled to summary judgment because Ginop has not proven negligence, the requisite first step of the LOL analysis. Accepting all of Ginop's statements as true for the purposes of Jacobs' summary judgment motion, the Court finds that Ginop has not submitted sufficient evidence to demonstrate a genuine issue of material fact as to Jacobs' negligence in causing Ginop's injuries. *Id.; Celotex,* 477 U.S. at 323, 106 S.Ct. 2548, 91 L.Ed.2d 265; *Liberty Lobby,* 477 U.S. at 248, 106 S.Ct. 2505, 91 L.Ed.2d 202; *Morris,* 260 F.3d at 665. Therefore, Jacobs is entitled to judgment as a matter of law and his petition for exoneration from or limitation of liability is GRANTED.

### IV.

Because neither negligence nor privity on Defendant's part has been shown, now

therefore, IT IS ORDERED THAT Defendant's motion for summary judgment as to his LOL petition is GRANTED, and Plaintiff's motion for summary judgment is DENIED.

IT IS SO ORDERED.

### JUDGMENT

This matter having come before the Court, and the Court having entered its Memorandum Opinion and Order on this date, now therefore,

IT IS ORDERED AND ADJUDGED that Defendant's motion for summary judgment as to his LOL petition is GRANTED and Plaintiff's motion for summary judgment is DENIED. Accordingly, judgment in favor of the Defendant is hereby entered and the above-captioned civil case is DISMISSED.

IT IS SO ORDERED.