**In re the Complaint of ROYAL CARIBBEAN CRUISES, LTD., as owner of the unnamed 1996 Sea–Doo GTS 60HP Vessels, Serial–Numbers ZZNC6638D696 and ZZNC6626D696, for Exoneration from or Limitation of Liability.**

**Barbara Mashburn, Claimant/Counter–Plaintiff,**

**v.**

**Royal Caribbean Cruises, Ltd., and Mark Hommen, Counter–Defendants.**

**No. 97–2543–CIV.**

United States District Court, S.D. Florida, Miami Division.

June 18, 1999.

Karen Foy Grossman, Darren Wayne Friedman, and Jeffrey Bradford Maltzman, Kaye Rose & Partners, LLP, Miami, FL, for Royal Caribbean Cruises, Ltd.

Charles R. Lipcon, Charles R. Lipcon, Miami, FL, Sharon Leslie Wolfe, Cooper & Wolfe, Miami, FL, for Barbara Mashburn.

## ORDER GRANTING ROYAL CARIBBEAN'S RENEWED MOTION FOR SUMMARY JUDGMENT

SEITZ, District Judge.

THIS MATTER came before the Court on Royal Caribbean Cruises, Ltd.'s ("Royal Caribbean") Renewed Motion for Summary Judgment. Royal Caribbean instituted this limitation action pursuant to the Limitation of Vessel Owner's Liability Act, 46 App. U.S.C. §§ 181–188 (the "Limitation Act"), and *Fed.R.Civ.P.* Supplemental Rule F. After this action was initiated, Barbara Mashburn filed her claim for damages, and brought counterclaims against Royal Caribbean and Mark Hommen.

This action arises out of an accident between two rental jet skis in the waters off the Bahamas. Claimant Mashburn was riding as a passenger on a jet ski which was hit by another jet ski operated by Mr. Hommen. Royal Caribbean owned both jet skis involved in the accident. Claimant Mashburn asserts that Royal Caribbean was negligent in the operation and supervision of its jet ski rentals, and is jointly liable with Mr. Hommen for all damages sustained as a result of the collision. After careful consideration of the Motion, the relevant law, and the record evidence viewed in the light most favorable to Claimant Mashburn, this Court concludes that Royal Caribbean's Motion for Summary Judgment must be granted.

## I. *Background and Procedural History*

Tony and Barbara Mashburn took a cruise on Royal Caribbean's ship Sovereign of the Seas in early February of 1997. As part of that cruise, the Mashburns selected a day trip to Coco Cay Island, a private island owned by Royal Caribbean in the Bahamas. In the early afternoon on February 9, 1997, Tony Mashburn rented a Sea–Doo jet ski from Royal Caribbean on Coco Cay. After completing safety training, Tony and his wife, Barbara, took the Sea–Doo out on the water together. While on the Sea–Doo, the Mashburns stopped to look at some sealife. While they were stopped, a Sea–Doo slammed into them seriously injuring Barbara Mashburn. The driver of the Sea–Doo that hit the Mashburns, Mark Hommen, was negligent and caused the collision.

Prior to using the Sea–Doos, the Mashburns received instructions from Royal Caribbean employees on how to safely operate the vessels. At that time, Royal Caribbean employees explicitly warned them to keep at least 300 feet between their craft and other Sea–Doos. They also watched the Sea–Doo manufacturer's instructional video explaining its operational and safety features. Finally, Tony Mashburn signed a Waiver and Release of Liability in which he expressly assumed all risks in connection with the activity for himself and Barbara, and agreed not to hold Royal Caribbean liable for any loss, damage, or personal injury sustained while renting the Sea–Doo.

On August 4, 1997, Royal Caribbean instituted this limitation action. Upon approving Royal Caribbean's offer of security and its *ad interim* stipulation of $7,200 as the value of the Sea–Doos, the Court issued a notice to the Mashburns of the suit. *See* 46 App. U.S.C. § 185; *Fed.R.Civ.P.* Supplemental Rule F. A copy of the notice was published in a newspaper for purposes of informing other potential claimants on August 21, 1997. On September 8, 1997, Claimant Barbara Mashburn filed a timely answer and claim for damages in excess of the stipulated value of the Sea–Doos. Barbara Mashburn seeks to recover for the injuries she sustained in the collision.

## II. *Standard for Summary Judgment*

Summary judgment is appropriate when there is no genuine issue of material fact in dispute and the moving party is entitled to judgment as a matter of law. *Fed. R.Civ.P.* 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). For the purposes of this motion, the evidence and all reasonable factual inferences drawn from that evidence have been viewed in the light most favorable to Claimant Mashburn. *See Flores v. Carnival Cruise Lines*, 47 F.3d 1120, 1122 (11th Cir.1995). Summary judgment, however, is appropriate where the non-movant fails to make a sufficient showing as to the existence of an essential element of that party's case. *Celotex*, 477 U.S. at 325, 106 S.Ct. 2548.

## III. *Analysis*

The Limitation Act provides in relevant part that: "[t]he liability of the owner of any vessel ... for any ... loss ... without the privity or knowledge of such owner ... shall not ... exceed the amount or value of the interest of such owner in such vessel, and her freight then pending." 46 App. U.S.C. § 183(a). It is uncontested that Royal Caribbean is the owner of the Sea–Doo jet skis involved in the collision. Further, the Eleventh Circuit has determined that jet skis are vessels under the Limitation Act. *See Keys Jet Ski, Inc. v. Kays*, 893 F.2d 1225, 1227–31 (11th Cir. 1990) (jet skis are pleasure craft and meet the definition of "vessel" under the Limitation Act) (*citing Lewis Charters, Inc. v. Huckins Yacht Corp.*, 871 F.2d 1046, 1054 (11th Cir.1989)).

In this proceeding for exoneration from liability, the Court must conduct a two-step analysis. First, the Court must ascertain what acts of negligence or conditions of unseaworthiness caused the acci-

dent. *Hercules Carriers, Inc. v. Claimant State of Florida*, 768 F.2d 1558, 1563–64 (11th Cir.1985). Second, the Court must determine whether Royal Caribbean had "knowledge or privity" of those acts of negligence or conditions of unseaworthiness. *Id.* Under this two part analysis, claimant Mashburn must put forth some evidence of Royal Caribbean's negligence or unseaworthiness before the burden of proof shifts to Royal Caribbean to prove lack of knowledge or privity. *Keys Jet Ski*, 893 F.2d at 1230 (*citing Whitaker v. Beavin*, 808 F.2d 762, 764 (11th Cir.1987)). If there is no evidence of Royal Caribbean's negligence or contributory fault, then Royal Caribbean is entitled to exoneration from all liability. *See American Dredging Co. v. Lambert*, 81 F.3d 127, 129 (11th Cir.1996) (*citing Tittle v. Aldacosta*, 544 F.2d 752, 755 (5th Cir.1977)).

## A. Undisputed Evidence Establishes that Hommen's Negligence in Operating the Seadoo Caused the Accident

■ Claimant Mashburn has the initial burden to show that the claimed loss was proximately caused by the negligence or unseaworthiness of the vessel. *See Keys Jet Ski*, 893 F.2d at 1227–31; *see also In the Matter of Complaint of Farrell Lines, Inc.*, 530 F.2d 7 (5th Cir.1976). To defeat a motion for summary judgement on this point, Mashburn need only establish that there is a genuine disputed factual issue as to whether Royal Caribbean breached a "reasonable duty of care." *See Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 632, 79 S.Ct. 406, 3 L.Ed.2d 550 (1959); *Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1358 (11th Cir.1990).

Mashburn asserts that there are numerous disputed factual issues involving whether Royal Caribbean's conduct was negligent.[1] She claims that the following Royal Caribbean practices were negligent: (1) allowing 13 Sea–Doos with inexperienced operators to operate in a restricted area, thus creating a substantial risk of collision; (2) failing to properly train and supervise the Sea–Doo renters; (3) failing to enforce safety rules by allowing passengers to race the watercraft; (4) selling alcohol on Coco Cay and failing to check the Sea–Doo renters for intoxication; and (5) failing to properly equip the Sea–Doos with an efficient sound producing device. This Court will address each of Mashburn's assertions.

It is undisputed that Royal Caribbean set up a course for Sea–Doo renters to ride around at Coco Cay Island. Buoys marked the lines of the course and renters were instructed to ride counter-clockwise around the buoys. Mashburn offers no evidence of the dimensions of the course, how many Sea–Doos were on the course at the time of the accident, or any other fact supporting her conclusory allegation that the course was too small. This Court must determine what specific negligent acts or unseaworthy conditions actually caused or contributed to the accident. Mashburn's conclusory assertion that the course was too small does not raise a disputed fact so as to defeat the motion for summary judgment.

The undisputed evidence also establishes that Royal Caribbean provided reasonable

---

1. In opposition to Royal Caribbean's Renewed Motion for Summary Judgment, Mashburn relied on the affidavit of Michael A. Spotto. After a thorough review of Mr. Spotto's Affidavit, his qualifications, and deposition, this Court has determined that Mr. Spotto is not qualified to serve as an expert in this matter. First, Mr. Spotto's affidavit and deposition evidence that he is not qualified to render opinions on watercraft rental operations or watercraft seaworthiness. He is a pilot for UPS and has only been on a jet ski several times. His college degree in engineering is simply not a sufficient basis to render an opinion in this matter. Second, Mr. Spotto's affidavit fails to provide any reliable basis for his assertions and conclusions. Mashburn also relies on the deposition transcript of Yuri Grijalva, notwithstanding the fact that this Court struck the Grijalva deposition by Order dated October 9, 1998 [DE 156]. In evaluating Mashburn's arguments, this Court will not consider Mr. Spotto's affidavit or Yuri Grijalva's testimony.

safety training and supervision at Coco Cay. Claimant Mashburn testified that she received safety instructions and a demonstration from Royal Caribbean employees, in addition to watching the Sea–Doo manufacturer's safety video. Mashburn offers no evidence that Royal Caribbean's safety training or supervision of its Sea–Doo rentals was inadequate. Royal Caribbean, however, submits the testimony of Thomas Ebro, an aquatic safety specialist, who determined that the safety procedures at Coco Cay were above and beyond what is necessary for reasonable safety. Also, Royal Caribbean presented unrebutted testimony that it was not aware of any prior accident of a similar nature to the Hommen collision with Mashburn.

Mashburn also asserts that Royal Caribbean served alcohol and failed to test Sea–Doo renters for intoxication. There is no evidence that Mr. Hommen consumed any alcohol on the afternoon of the accident. However, Mr. Mashburn admitted to having two drinks prior to the collision. In compliance with Royal Caribbean's safety provisions, Mr. Mashburn and Mr. Hommen each signed a Waiver and Release of Liability, prior to being allowed to rent the Sea–Doos, that certified that they were not intoxicated. In addition, Royal Caribbean paid lifeguards at the beach area to watch the renters' behavior in the water to assure safety.

Finally, Mashburn contends that Royal Caribbean was negligent in failing to equip the Sea–Doos with horns or other sound devices that could be used to warn other vessels of the Sea–Doos' presence. Mashburn presents no evidence that it was an unreasonable violation of Royal Caribbean's duty of care to fail to add horns to the Sea–Doos. In fact, Royal Caribbean relies on the testimony of Eric Devendorf, a professional personal watercraft operator, that horns or sound making devices are not required on Sea–Doos, would not have prevented the accident at issue in this case, and would pose an increased potential danger. Absent proof that a sound producing device would have prevented the accident, the alleged lack of such a device is not a material fact for the purpose of deciding Royal Caribbean's motion.

This Court finds that Claimant Mashburn has failed to offer evidence tending to prove that Royal Caribbean's negligence contributed to the accident or rendered the vessel unseaworthy in any manner which proximately caused the accident. Based on this finding, Royal Caribbean's Motion for Summary Judgment must be granted. *Keys Jet Ski*, 893 F.2d at 1230; *Hercules Carriers Inc.*, 768 F.2d at 1563–64; *American Dredging Co.*, 81 F.3d at 129.

**B.   *There Is No Evidence that Royal Caribbean Had Any Privity or Knowledge of Negligence Causing Claimant's Injury Or That There Were Any Conditions of Unseaworthiness***

If this Court had not concluded that Royal Caribbean was entitled to complete exoneration of liability, it would nevertheless be entitled to limit its liability to the value of the Sea–Doos. Under the Limitations Act, Royal Caribbean may limit its liability if it has no "privity and knowledge before the start of the voyage of the acts of negligence or conditions of unseaworthiness that caused the accident." *Hercules Carriers, Inc.*, 768 F.2d at 1563–64 ("[P]rivity and knowledge is established where the means of obtaining knowledge exist, or where reasonable inspection would have led to the requisite knowledge"). "Privity or knowledge" refers to the vessel owner's personal participation in, or actual or constructive knowledge of, the specific acts of negligence or conditions of unseaworthiness which caused or contributed to the accident. *Id.* at 1574 (the owner of the ship is bound only by its "managing agent, officer, supervising employee, including supervisory shoreside personnel"); *see also Suzuki of Orange Park, Inc. v. Shubert*, 86 F.3d 1060, 1064–65 (11th Cir.1996) ("privity or knowledge is measured against the specific negligent

acts or unseaworthy conditions that actually caused or contributed to the accident").

There can be no "privity or knowledge" unless the claimant can establish negligence. *See generally Farrell Lines,* 530 F.2d at 10. In addition, Mashburn must put forth evidence that any individual with knowledge or privity was sufficiently high in the corporate hierarchy so the individual's knowledge could be imputed to Royal Caribbean. *See The Linseed King: Spencer Kellogg & Sons, Inc., v. Hicks,* 285 U.S. 502, 52 S.Ct. 450, 76 L.Ed. 903 (1932). The record evidence reveals that the senior management of Royal Caribbean who were responsible for the Sea–Doo rental operation were not on Coco Cay on the date of the accident. The record is devoid of evidence that Royal Caribbean's owners or senior management had notice of any of the alleged risk creating conditions. Based on the record, Royal Caribbean would be entitled to limit its liability to the value of the Sea–Doos had Mashburn been able to establish some negligence on the part of Royal Caribbean, Ltd. .

### IV. *Conclusion*

Based on the record evidence, there is no disputed question of fact as to Royal Caribbean's conduct or operation of its Sea–Doo rental activities on Coco Cay Island. This Court is not unsympathic to the injuries Claimant Mashburn suffered, but nothing in the record hints that Royal Caribbean violated a reasonable duty of care to assure the safety of those individuals choosing to rent a Sea–Doo. Accordingly, it is hereby

ORDERED that Royal Caribbean's Renewed Motion for Summary Judgment [DE 249] is GRANTED. Final Summary Judgment shall issue under separate Order pursuant to *Fed.R.Civ.P.* 58.