In the Matter of the Complaint of MOR-AN TOWING CORPORATION, Moran Atlantic Towing Corporation and Moran Towing and Transportation Co., Inc. as Owners or Bareboat Charterers of the Tug HEIDE MORAN, for Exoneration from or Limitation of Liability.

In the Matter of the complaint of Moran Enterprises Corporation, MEC I, Inc., Moran Towing and Transportation Co., Inc., Moran Towing Corporation, Petroleum Transport Corporation and Seaboard Barge Corporation, as Owners or Bareboat Charterers of the Barge TEXAS, for Exoneration from or Limitation of Liability.

Nos. CV 97–1647(ADS),
CV 97–2272(ADS).

United States District Court,
E.D. New York.

Oct. 16, 2001.

■■■■■■■■■■■■

Lyons, Skoufalos, Proios & Flood, New York City, Kirk M.H. Lyons, of counsel, for claimant/third party plaintiff Long Island Lighting Company and claimant Connecticut Light and Power Company.

Looney & Grossman, Boston, MA, Bertram E. Snyder, of counsel, for claimant/third party plaintiff Long Island Lighting Company and claimant Connecticut Light and Power Company.

Burlingham Underwood LLP, New York City, Geoffrey J. Ginos, of counsel, for claimant/third party defendant Bayway Refining Company.

Carmody & Torrance LLP, New Haven, Connecticut, Maureen Cox, of counsel, for claimant Connecticut Light and Power Company.

Healy & Baillie, LLP, New York City, by John G. Ingram, Richard Singleton, for petitioners Moran Towing Corporation.

### ORDER

SPATT, District Judge.

On April 3, 1997 and again on April 25, 1997, Moran (the "petitioners") filed two limitation petitions seeking Exoneration from or Limitation of Liability, pursuant to 46 App.U.S.C. §§ 183, *et seq.*, on behalf of the barge TEXAS and the tug HEIDE MORAN for any losses, damages, injuries, and destruction incurred as a result of the December 6, 1996 incident in which a system of submarine electrical cables, that lie on the floor of the Long Island Sound and that are owned by the Long Island Lighting Company ("LILCO" or a "claimant") and the Connecticut Light and Power Company ("CL & P" or a "claimant"), were allegedly damaged.

On June 27, 1997, LILCO and CL & P filed claims against Moran in both actions seeking damages for repair of the submarine electrical cables that were allegedly damaged during the December 6, 1996 incident. On the same day, LILCO and CL & P filed a Third Party Complaint against Bayway Refining Company ("Bayway"), seeking indemnification under the LILCO/Bayway contract for delivery of fuel which was being transported by the barge TEXAS.

The trial in this case is scheduled to begin six days from today, on Monday, October 22, 2001. Presently before the Court is a motion by LILCO and CL & P requesting a finding that Moran be required to present its proof first at trial. Moran disputes the arguments set forth by LILCO and CL & P and asserts that the claimants bear the burden of going forward.

■ This case is brought pursuant to the Limitation of Liability Act, *see* 46 App. U.S.C. §§ 183 *et seq.*, which provides, in relevant part:

> The liability of the owner of any vessel, whether American or foreign, ... for any loss damage or injury by collision, or for any act, matter, thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity or knowledge of such owner or owners, shall not ... exceed the amount or value of the interest of such owner in such vessel, and [the] freight then pending.

Thus, generally speaking, if the owner of a vessel lacks privity or knowledge of the negligence or unseaworthiness that resulted in the loss or damage, the owner's liability cannot exceed the value of its interest in the vessel, which is to be valued at the end of the voyage on which the loss or damage occurred. *See Carr v. PMS Fishing Corp.*, 191 F.3d 1, 4 (1st Cir.1999).

■ The determination of whether the owner of a vessel is entitled to limitation of liability requires a two-step analysis. *See In re Keys Jet Ski, Inc.,* 893 F.2d 1225, 1230 (11th Cir.1990); *see also, Carr,* 191 F.3d at 4 (limitation of liability proceedings "lend themselves to a bifurcated analysis"); *In re Royal Caribbean Cruises, Ltd.,* 55 F.Supp.2d 1367, 1370 (S.D.Fla.1999) (holding that in a limitation of liability proceeding, the court must conduct a two-step analysis). "First, the [C]ourt must determine what acts of negligence or conditions of unseaworthiness caused the accident. Second, the [C]ourt must determine whether the ship owner had knowledge or privity of those same acts of negligence or conditions of unseaworthiness." *In re Keys Jet Ski,* 893 F.2d at 1230 (quoting *Farrell Lines, Inc. v. Jones,* 530 F.2d 7, 10 (5th Cir.1976)); *see Carr,* 191 F.3d at 4; *In re Royal Caribbean Cruises,* 55 F.Supp.2d at 1370.

This two-step analysis engenders a divided burden of proof. *See Carr,* 191 F.3d at 4. The claimant bears the initial burden of proving negligence or unseaworthiness. *See Carr,* 191 F.3d at 4; *In re Keys Jet Ski,* 893 F.2d at 1230; *In re Royal Caribbean Cruises,* 55 F.Supp.2d at 1370; *Hammersley v. Branigar Organization, Inc.,* 762 F.Supp. 950, 954 (S.D.Ga.1991) (holding that in a section 185 proceeding, the defendant party, or claimant, must go forward by proving negligence or unseaworthiness); *In re Molai Shipping Corp.,* 569 F.Supp. 523, 523–24 (S.D.N.Y.1983) (stating that the representative of the deceased crew member has the burden of proving that the ship was unseaworthy or the owner was negligent, and that the unseaworthiness or negligence was a cause of the injury or death).

Once the claimant has proved negligence or unseaworthiness, the burden of proof shifts to the petitioner shipowner to prove lack of knowledge or privity. *See Carr,*

191 F.3d at 4; *In re Keys Jet Ski,* 893 F.2d at 1230; *Tug Ocean Prince, Inc. v. United States,* 584 F.2d 1151, 1155 (2d Cir.1978) (stating that the burden of proof as to the absence of privity or knowledge is on the petitioners); *In re Royal Caribbean Cruises,* 55 F.Supp.2d at 1370; *Hammersley,* 762 F.Supp. at 954 (holding that in a section 185 proceeding, after the claimant proves negligence or unseaworthiness, the burden of proof shifts to the petitioner to prove lack of privity or knowledge).

■ Applying these rules to the facts of this case, the Court finds that LILCO and CL & P bear the burden of going forward at trial by putting forth evidence that the damage or loss was caused by unseaworthiness or negligence. Provided that the claimants succeed in this first stage of the proceeding, the burden will shift to Moran to establish that it "was not privy to, and had no knowledge of, the decisive act of negligence or condition of unseaworthiness." *Carr,* 191 F.3d at 4.

If this were a proceeding wherein Moran was a traditional defendant asserting limitation of liability as an affirmative defense, the Court might be persuaded by the claimants' argument that Moran is required to "show how the loss occurred, together with its lack of privity to or knowledge of the asserted cause." *Terracciano v. McAlinden Construction Co.,* 485 F.2d 304, 307–08 (2d Cir.1973). Indeed, "[t]he two-step burden shifting scheme so familiar to section 185 petitions ... does not apply where limitation is raised as a defense to an action." *Hammersley,* 762 F.Supp. at 954. In those cases, the order and burden of proof described in *Terracciano,* 485 F.2d at 307–08, applies. However, where, as here, the case is brought pursuant to the Limitation of Liability Act, 46 App.U.S.C. §§ 183 *et seq.,* the claimant proceeds first by proving negligence or unseaworthiness, at which point the bur-

den shifts to the petitioner to prove lack of privity or knowledge.

Having reviewed the submissions of the parties, and based on the foregoing, it is hereby

**ORDERED,** that the claimants' motion for an order directing the petitioners to proceed first at trial is *DENIED;* and it is further

**ORDERED,** that when the trial commences, the claimants will proceed first with the presentation of their evidence. **SO ORDERED.**