**William McNEIL, Plaintiff-Appellee,**

v.

**LEHIGH VALLEY RAILROAD CO.,**
**Defendant-Appellant and Third-**
**Party Plaintiff-Appellant,**

v.

**WM. SPENCER & SON CORPORATION,**
**Third-Party Defendant-Appellee.**

**No. 124, Docket 31016.**

United States Court of Appeals
Second Circuit.

Argued Oct. 19, 1967.

Decided Dec. 29, 1967.

Alfred S. Julien, New York City (Abraham J. Hirschsprung, New York City, of counsel; Julien, Glaser, Levitt & Blitz, New York City, on the brief), for appellee, William McNeil.

Thomas V. McMahon, New York City (Conboy, Hewitt, O'Brien & Boardman, New York City, on the brief), for appellant.

John Nielsen, New York City (Fogarty & Nielsen, New York City, on the brief), for appellee, Wm. Spencer & Son Corp.

Before WATERMAN, MOORE and HAYS, Circuit Judges.

PER CURIAM:

Plaintiff, a stevedore, was injured while working on a barge owned by the Lehigh Valley Railroad. He brought suit against the railroad which in turn asserted a claim for indemnity against Wm. Spencer & Son Corporation, plaintiff's employer. The jury returned a special verdict, finding that the railroad was negligent, that its barge was unseaworthy, that plaintiff was not guilty of contributory negligence, that the negligence of Wm. Spencer & Son Corporation did not contribute to the accident, and that plaintiff had suffered damages of $75,000. Judgment was entered awarding plaintiff this amount and dismissing the third party complaint.

The railroad's motion to set aside the verdict as excessive and against the weight of evidence was denied. After a hearing, the railroad's petition to limit its liability under 46 U.S.C. § 183 to the value of the barge and the freight then pending was also denied. From the judgment and from the foregoing rulings the Lehigh Valley Railroad appeals. We affirm.

■ There was evidence from which the jury could have concluded that there had been a large "chip" in the barge planking for at least two months prior to the accident, that one wheel of the hi-lo truck used in loading the barge slipped into the "chip" causing some of the bales it was carrying to fall off, and that two such bales struck plaintiff in the leg, injuring him severely.

■ The denial of a motion to set aside a verdict as against the weight of evidence is not appealable. Mahoney v. New York Central Railroad, 234 F.2d 923 (2d Cir. 1956).

■ The verdict for plaintiff was large, but it was not so excessive that it would be a denial of justice to permit it to stand. See Dagnello v. Long Island Rail Road Co., 289 F.2d 797, 806 (2d Cir. 1961). The testimony showed that plaintiff was out of work for over a year, that he will continue to have pain and swelling in the injured leg, and that a traumatic arthritis resulting from the injury will probably become progressively worse.

■ Spencer had no duty to inspect the barge before work was begun. Orlando v. Prudential Steamship Corp., 313 F.2d 822 (2d Cir. 1963). The trial court's refusal to charge the jury with respect to the duty which Spencer owed plaintiff did not constitute error since a stevedore's breach of duty to its employee does not give rise to a right of indemnity in favor of a shipowner sued by that employee. Halcyon Lines v. Haenn Ship Ceiling & Refitting Corp., 342 U.S. 282, 72 S.Ct. 277, 96 L.Ed. 318 (1952).

■ The district court properly denied appellant's petition for limitation of liability. Under 46 U.S.C. § 183(a) limitation is available only where the liability is incurred "without the privity or knowledge" of the owner. The evidence showed that appellant's General Marine Inspector inspected the barge at least once every three weeks. Adequate inspection would have disclosed the hole in the planking. Negligent failure to discover constitutes privity and knowledge within the meaning of the statute. See The Republic, 61 F. 109 (2d Cir. 1894); Avera v. Florida Towing Corp., 322 F.2d 155, 166 (5th Cir. 1963). See also Great Atlantic & Pacific Tea Co. v. Brasileiro, 159 F.2d 661 (2d Cir.), cert. denied, 331 U.S. 836, 67 S.Ct. 1519, 91 L.Ed. 1849 (1947).

Affirmed.

WATERMAN, Circuit Judge (concurring):

I concur in the result.