In the Matter of the Application of Frank J. DIEBER, as Owner of a 1988 20–foot Formula SR1 Vessel for Exoneration from or Limitation of Liability, Petitioner.

No. 08 CIV 2042–WGY.

United States District Court, S.D. New York.

June 15, 2011.

James Edward Mercante, Yoon Sang Han, Rubin, Fiorella & Friedman, L.L.P., New York, NY, Brendan M. Burke, Jr., Lustig & Brown, LLP, White Plains, NY, for Petitioner.

**Memorandum and Order**

WILLIAM G. YOUNG, District Judge.[1]

## I. INTRODUCTION

The petitioner, Frank J. Dieber ("Dieber"), brings this action in admiralty pursuant to supplemental Rule F for Admiralty or Maritime Claims for limitation of liability under the Limitation Act, 46 U.S.C. §§ 30501–12. Dieber is the owner of a 1988 20–foot Formula SR1 Vessel (the "Formula SR1"), which was involved in a collision with another vessel while being operated by Dieber's son, Frank Dieber, Jr. ("Dieber, Jr."). Dieber seeks to limit his liability for the damages resulting from that collision to the value of the Formula SR1. The Court held a bench trial on this issue on April 7, 2011, and now renders its decision.

## II. PROCEDURAL POSTURE

On August 2, 2007, Angela Norcia ("Norcia") filed suit in New York state court against Dieber, Dieber, Jr., and Tara Pinand ("Pinand") for injuries she suffered on June 29, 2007, in a collision between the Formula SR1 and a pontoon boat in which she was a passenger. Norcia alleged, *inter alia*, that Dieber, Jr. was intoxicated and that his reckless piloting of the Formula SR1 caused the collision. She advanced two claims against Dieber, the owner of the Formula SR1: that, as owner of the vessel, he is vicariously liable for the negligence of his son and that he negligently entrusted the Formula SR1 to his son.

1. Of the District of Massachusetts, sitting by designation.

Dieber filed this petition for limitation of liability in February 2008. Compl., ECF No. 1. The case was assigned to Judge Charles L. Brieant, who stayed and enjoined the state court suit pending the resolution of this limitation of liability action. Order, ECF No. 2. Norcia, Pinand, and Axis Reinsurance Company intervened as claimants in admiralty in this case. *See* ECF Nos. 5, 7, 9, 12.

On May 11, 2009, this case was reassigned to me. ECF No. 29. This Court heard oral argument on pending cross-motions for summary judgment on July 10, 2009, and denied those motions on July 21, 2009, finding that a genuine issue of material fact existed. Order, ECF No. 31. The Court then held a bench trial on the ultimate issue of the petition on April 7, 2011. At the bench trial, the Court received testimony from Dieber, Dieber, Jr., Norcia, and Pinand.

## III. FINDINGS OF FACT

Based on the testimony taken at the bench trial, the Court makes the following findings of fact.

- The Formula SR1 is a dual-engine motor boat capable of traveling at high speeds.
- In 2007, Dieber, Jr. was an adult living independently of his father,
- Over the course of several years prior to 2007, Dieber, Jr. regularly made use of the Formula SR1, which was owned by Dieber and kept as a family boat.
- From 2005 to 2007, Dieber, Jr. often consumed alcohol prior to operating the Formula SR1 and while operating that vessel.
- Dieber, Jr, was often seen drinking heavily in bars in the Greenwood Lake area.
- From 2005 to 2007, Dieber, Jr. often operated the Formula SR1 in a reckless manner, including performing "donuts" on Greenwood Lake and accelerating rapidly toward other vessels before veering to the side.
- From 2005 to 2007, Dieber, Jr. often had a cooler full of alcoholic beverages onboard the Formula SR1.
- From 2005 to 2007, Dieber and Dieber, Jr. would sometimes use the Formula SR1 together.
- Prior to 2007, Dieber had observed Dieber, Jr. consume alcohol while operating a boat.
- A reasonable shipowner in the position of Dieber would have known that Dieber, Jr. often operated the Formula SR1 in an unsafe and reckless manner.
- In June 2007, Dieber was contemplating selling the Formula SR1 but had taken no concrete steps to do so.
- On June 29, 2007, the Formula SR1 was located in the driveway of Dieber's home. It was situated in such a way that it was not visible from the home, and was not readily visible when arriving at or departing the home.
- In the driveway, the Formula SR1 was on a trailer and covered with a tarp. The keys to the vessel were left in the vessel. Accessories, including safety equipment, were located in a garage nearby.
- Dieber did not know that Dieber, Jr. had taken the Formula SR1 on June 29, 2007, until he received a telephone call from the police informing him of the collision.
- Prior to the night of June 29, 2007, Dieber, Jr. had not operated the Formula SR1 that year.
- At no time in 2007 did Dieber tell Dieber, Jr. that he was not to use the Formula SR1.

## IV. RULINGS OF LAW

### A. Legal Standard

A shipowner has an absolute and nondelegable duty to provide a seaworthy

vessel.[2] *See Mitchell v. Trawler Racer, Inc.*, 362 U.S. 539, 549, 80 S.Ct. 926, 4 L.Ed.2d 941 (1960). This duty includes a requirement that the vessel be "manned by a competent and skillful master of sound judgment and discretion." *Tug Ocean Prince, Inc. v. United States*, 584 F.2d 1151, 1155 (2d Cir.1978). If a vessel is found to have been unseaworthy, the shipowner is liable for any injuries caused by the unseaworthiness. *See Usner v. Luckenbach Overseas Corp.*, 400 U.S. 494, 497–98, 91 S.Ct. 514, 27 L.Ed.2d 562 (1971).

■ In certain situations, however, the Limitation Act[3] limits the liability of a shipowner such that it "shall not exceed the value of the vessel and pending freight." 46 U.S.C. § 30505(a). As relevant here, this limitation applies to "any loss, damage, or injury by collision ... done, occasioned, or incurred, without the privity or knowledge of the owner." *Id.* § 30505(b). The claimants have the initial burden of showing that the vessel was either unseaworthy or operated in a negligent manner.[4] As the party seeking limitation of liability, however, Dieber bears the burden of proving that he lacked privity and knowledge of any condition rendering the vessel unseaworthy and of any operational negligence. *Coryell v. Phipps*, 317 U.S. 406, 409, 63 S.Ct. 291, 87 L.Ed. 363 (1943).

■ "Privity and knowledge are deemed to exist where the owner had the means of knowledge or, as otherwise stated, where knowledge would have been obtained from reasonable inspection." *China Union Lines, Ltd. v. A.O. Andersen & Co.*, 364 F.2d 769, 787 (5th Cir.1966); *see also McNeil v. Lehigh Valley R.R. Co.*, 387 F.2d 623, 624 (2d Cir.1967) ("Negligent failure to discover constitutes privity and knowledge within the meaning of the statute."). Privity and knowledge are not assessed in a general sense; rather, the court must consider whether the shipowner had privity and knowledge of the specific acts of negligence or unseaworthy conditions that caused the claimed injury.[5] *See*

---

**2.** This duty was originally created in order to protect seamen from the many perils of serving aboard unsafe vessels on the high seas. *See Seas Shipping Co. v. Sieracki*, 328 U.S. 85, 91 n. 9, 66 S.Ct. 872, 90 L.Ed. 1099 (1946); *id.* at 104, 66 S.Ct. 872 (Stone, J., dissenting) ("[Seamen] are exposed to the perils of the sea and all the risks of unseaworthiness, with little opportunity to avoid those dangers or to discover and protect themselves from them or to prove who is responsible for the unseaworthiness causing the injury,"). The doctrine has since expanded significantly. *See Usner v. Luckenbach Overseas Corp.*, 400 U.S. 494, 497 n. 5, 91 S.Ct. 514, 27 L.Ed.2d 562 (1971) (collecting cases).

**3.** Congress originally passed the Limitation Act in 1851 "to encourage ship-building and to induce capitalists to invest money in this branch of industry." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 446, 121 S.Ct. 993, 148 L.Ed.2d 931 (2001) (quoting *Norwich & N.Y. Transp. Co. v. Wright*, 80 U.S. (13

Wall.) 104, 121, 20 L.Ed. 585 (1871)). The Act was meant to put American shipping on an equal footing with that of other maritime nations. *Id.* at 446–47, 121 S.Ct. 993.

**4.** This Court is mindful of the Supreme Court's instructions in *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962), and takes no position on whether the vessel was actually operated negligently. That question is ultimately one for a New York jury. For the purposes of this Petition, the Court will assume without deciding that the claimants have established negligence or unseaworthiness. If the jury finds no negligence, any limitation of Dieber's liability will be irrelevant. If, however, the jury finds negligence, Dieber's privity and knowledge will determine the scope of his liability.

**5.** In a number of cases, other courts have essentially conflated the issue of privity and knowledge with that of the tort of negligent

*Farrell Lines, Inc. v. Jones,* 530 F.2d 7, 10 (5th Cir.1976).

## B. Privity and Knowledge

■ Here, the claimants argue that the Formula SR1 was unseaworthy because Dieber, Jr. was not a competent operator, that Dieber, Jr.'s negligence caused the collision, and that Dieber had privity and knowledge of this unseaworthiness and negligence. Dieber responds that his son was a capable, experienced boat operator, that he had no knowledge of any of his son's reckless tendencies, and that his son did not have permission to use the Formula SR1 on the date of the collision. Dieber bears the burden of proving that he did not have privity and knowledge of the incompetence of his son, and the Court rules that he has not carried that burden.

First, Dieber, Jr. had, for several years prior to the collision, driven the Formula SR1 recklessly, often immediately after or while consuming alcohol. He would accelerate toward other vessels, only veering away at the last second. This reckless driving and intoxication made Dieber, Jr. an incompetent operator of the Formula SR1, a high-powered motor boat. Because it was incompetently crewed, the Formula SR1 was not a seaworthy vessel. *Cf. In re Theisen,* 349 F.Supp. 737, 740–41 (E.D.N.Y.1972) (holding that sixteen year-old driver without formal boating training, with a bad reputation in the community for his boating ability, and with a habit of making sharp turns at high speeds was an incompetent operator). Given Dieber, Jr.'s repetitive reckless and intoxicated operation of the Formula SR1, a reasonable shipowner in Dieber's position would have been aware that Dieber, Jr. was not a competent boat operator.

Second, the fact that Dieber did not know that his son had taken the Formula SR1 on the particular day in question does not eliminate his privity and knowledge. Dieber, Jr. had a multi-year history of using the Formula SR1. The vessel was the family boat. The Court found no credible evidence that Dieber had taken any concrete steps to end this pattern of use. That the vessel was left unsecured on a trailer in Dieber's driveway with its keys in it reinforces the conclusion that Dieber did nothing to prevent his son from using the Formula SR1. Thus, the Court concludes that Dieber, Jr. was, on the day of

---

entrustment and have relied on a jury's verdict on the tort to decide both questions. For example, the Seventh Circuit stated:

> Given the nature of the tort of negligent entrustment, it is clear that the Limitation of Shipowner's Liability Act affords no protection to [the shipowner]. If [the shipowner] knew or had reason to know that [the operator] should not have been entrusted with the boat, he not only committed the tort of negligent entrustment but also had either knowledge of constructive knowledge sufficient to place him beyond the protection of the Limitation of Liability Act. On the other hand, if [the shipowner] did not entrust the boat to [the operator] under circumstances in which he knew or should have known of the [the operator's] inability, he will incur no liability for negligent entrustment and, consequently, has no need of the Act's protection.

*Joyce v. Joyce,* 975 F.2d 379, 385 (7th Cir. 1992); *see also, e.g., In re Ruiz,* 494 F.Supp.2d 1339, 1341–42 (S.D.Fla.2007).

The present case is not amenable to such analysis. The shipowner in *Joyce* faced only a negligent entrustment claim, but Dieber faces both negligent entrustment and vicarious liability claims. The latter of these claims cannot be dealt with through the *Joyce* approach. Moreover, the Court finds that approach problematic, as it conflates two questions on which different parties bear the burden of proof before different sovereigns: Dieber bears the burden of proving to a court of the United States that he lacked privity and knowledge of any negligence whereas the parties suing Dieber bear the burden of proving to a court of the State of New York that Dieber is liable for their injuries. These are distinct questions that ought be addressed independently.

the collision, an operator of the Formula SR1 with the privity of his father. *Cf. Theisen,* 349 F.Supp. at 740 (holding that an individual who used a vessel 90% of the time was an operator whose incompetence could render the vessel unseaworthy).

The sea is perilous. As this case shows, even recreational boating on a small lake in New York is fraught with danger. Shipowners have an absolute duty not to add to that danger by launching unseaworthy vessels. With Dieber, Jr. at the helm, the Formula SR1 was one such vessel. Because Dieber, Jr. was an operator of the Formula SR1 and Dieber should have known that his son was not a competent operator, this Court cannot hold that Dieber lacked privity or knowledge of the negligence and unseaworthy condition—namely, Dieber, Jr.'s recklessness—that allegedly caused the collision at issue. Dieber is therefore not entitled to limitation of liability.

## V. CONCLUSION

Dieber has failed to carry his burden to show that the negligence alleged to have caused the underlying incident took place without his privity and knowledge. His petition for limitation of liability is therefore denied. The previous order staying the state court proceedings, ECF No. 2, is vacated. The Court takes no position on the alleged negligence of Dieber Jr. or on the alleged negligent entrustment of Dieber. Those issues properly fall within the province of a jury sitting in the Supreme Court of the State of New York.

**SO ORDERED.**