[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10586
Non-Argument Calendar
_____

D.C. Docket No. 0:12-cv-61458-RNS


TAMER GOZLEVELI,
FARIDEH GOZLEVELI,
In the matter of the complaint, as owners of a 2012 11'
Sea-Doo bombardier 21CA, HIN: YDV22280B212, for
exoneration from or limitation of liability,

Plaintiffs - Counter Defendants -
Appellees,

AYDIN GOZLEVELI,

Third Party Defendant - Appellee,

versus

KAREN KOHNKE,

Counter Claimant -
Third Party Plaintiff - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 6, 2014)

Before PRYOR, MARTIN, and COX , Circuit Judges.

PER CURIAM:

The facts in this case are well known to the parties and are adequately covered in the district court's excellent order. (Doc. 81 at 1–2). In short, Tamer and Farideh Gozleveli bought two new 2012 Sea-Doo Bombardier jet skis for the use of their family—including their adult son, Aydin. On February 30, 2012, Aydin, his friend Ryan de la Nuez, and Karen Kohnke met at the Gozleveli's home to ride the jet skis. For most of the outing, Aydin drove one jet ski and Ryan drove the other one, with Kohnke riding as a passenger with Ryan. At some point, as they were driving the jet skis back to the Gozleveli's home, Ryan and Kohnke switched places and Kohnke began operating the jet ski. Subsequently, Aydin made a sharp u-turn on his jet ski, and Kohnke tried to follow him. Unfortunately, she lost control of the jet ski and hit a pier—badly injuring herself and damaging the jet ski.

Tamer and Farideh, as owner of the jet skis, subsequently filed a complaint for exoneration from or limitation of liability. (Doc. 1); *see also* "Limitation of

Liability Act," 46 U.S.C. § 30501 et. seq. (formerly App. 46 U.S.C. § 183).[1]

Kohnke filed an answer, asserting defenses, a counterclaim, and a third party complaint against Aydin.[2]  The district court ultimately granted summary judgment in favor of Tamer and Farideh finding that no evidence of their negligence had been presented, and thus they were entitled to exoneration of liability to Kohnke. Kohnke now appeals.[3]  On appeal, Kohnke frames the sole issue as whether the district court's decision granting summary judgment in favor of Tamer and Farideh should be reversed.  (Appellant's Initial Br. at 1).

We review a district court's grant of summary judgment de novo, applying the same standard as the district court, and viewing the evidence in the light most favorable to the party against whom judgment was granted.  *Squish La Fish, Inc. v. Thomco Speciality Prods., Inc.*, 149 F.3d 1288, 1290–91 (11th Cir. 1998).  The determination of whether the owner of a vessel is entitled to limitation of liability requires a two-step analysis.  First, the court must determine what acts of

---

[1] For the reasons stated by the district court, we agree that Farideh is an "owner" of the jet ski. *See* (Doc. 81 at 4–5).

[2] While Kohnke does not raise on this appeal any issue as to the denial of her motion of summary judgment against Aydin, the Notice of Appeal does appear to make Aydin a party to this appeal. *See* (Doc. 82).  The claim against Aydin remains pending in the district court.  Thus, we lack jurisdiction to consider the district court's order to the extent it denies Kohnke's motion for summary judgment against Aydin.  We therefore dismiss the appeal of the denial of Kohnke's motion for summary judgment against Aydin.

[3] We have jurisdiction to hear this interlocutory appeal pursuant to 28 U.S.C. § 1292(a)(3). Kohnke identified this as a basis for jurisdiction in her Notice of Appeal. (Doc. 82); *see also Sea Lane Bahamas Ltd. v. Europa Cruises Corp.*, 188 F.3d 1317, 1320–23 (11th Cir. 1999) (discussing when we have jurisdiction under § 1292(a)(3) to hear an appeal).

negligence or conditions of unseaworthiness caused the accident.  Second, the court must determine whether the owner of the vessel had knowledge or privity of those same acts of negligence or conditions or unseaworthiness.  *Keys Jet Ski, Inc.v. Kays*, 893 F.2d 1225, 1230 (11th Cir. 1990) (citations omitted).  Once the opposing party has proved negligence or unseaworthiness, the burden of proof shifts to the owner of the vessel to prove lack of privity or knowledge.  *Id.* (citing *Whitaker v. Beavin*, 808 F.2d 762, 764 (11th Cir. 1987)).  The district court correctly concluded that we do not need to reach the second prong of this analysis because Kohnke cannot show that Tamer and Farideh were in any way negligent.  (Doc. 81 at 9).  On appeal, she raises the same arguments of negligent entrustment, negligence *per se*, and unseaworthiness as bases for Tamer and Farideh's negligence.[4]  For the reasons stated by the district court in its well-written opinion granting summary judgment, all of these arguments fail.  (*See* Doc. 81 at 3–9).

**AFFIRMED.**

---

[4] To the extent Kohnke's negligent entrustment argument on appeal differs from the argument she made before the district court, she has waived it.  *See  Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) (citations omitted) (stating that we will not consider an issue raised for the first time on appeal).